**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NOVA DESIGN BUILD, INC, and ANNEX BUILDERS LLC, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 07 C 6369 |
| | ) |
| GRACE HOTELS, LLC, et al., | ) Judge Grady |
| | ) |
| Defendants. | ) |

**THE LYONS DEFENDANTS' MOTION TO DISMISS COUNTS I, VI AND VII OF
COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Defendants Lyons Design Group, Inc. and Adam Lyons ("Lyons Defendants"), by their

attorneys, Sabo & Zahn, move to dismiss Counts I, VI and VII of the Complaint for Injunctive

and Other Relief ("Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6):

LACK OF JURISDICTION

This is a copyright case.[1]  The Plaintiffs have attempted to invoke "subject matter

jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, predicated upon the Copyright Act, 15

U.S.C. § 102.  The Court has pendant jurisdiction pursuant to 28 U.S.C. § 1367 as to the

remaining claims."  Complaint, ¶ 11.  However, "no action for infringement of the copyright in

any United States work shall be instituted until preregistration or registration of the copyright

---

[1] Count I, against all Defendants, is for copyright infringement.  The Complaint also
includes counts against one or both of the Lyons Defendants for deceptive trade practices (Count
VI) and tortious interference (Count VII).  However, Counts VI and VII, like Count I, arise out of
the Lyons Defendants' allegedly unauthorized use of the architectural drawings of Plaintiff Nova
Design Build, Inc. ("Nova").

1

claim has been made in accordance with this title." 17 U.S.C. § 411(a).  See also Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1160 (1st Cir.1994) ("[R]egistration of the copyright is a prerequisite to suit under the Copyright Act." (citation omitted)).  This requirement is often described as being jurisdictional.  See, e.g., Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 365 (5th Cir.2004) ("17 U.S.C. § 411(a) sets forth [a] jurisdictional prerequisite"); Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp., 354 F.3d 112, 115 (2d Cir.2003) ("Th[e] registration requirement is jurisdictional."); Xoom, Inc. v. Imageline, Inc., 323 F.3d 279, 283 (4th Cir.2003) ("Copyright registration is a jurisdictional prerequisite to bringing an action for infringement under the Copyright Act.");  M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488 (11th Cir.1990) ("The registration requirement is a jurisdictional prerequisite to an infringement suit."); La Resolana Architects v. Clay Realtors Angel Fire, 416 F.3d 1195 (10th Cir., 2005) (copyright case filed by architect dismissed where there was no showing that the architect had received a certificate of copyright registration); Jennette v. United States, 77 Fed. Cl. 126, 132 (2007) ("actual copyright registration, or the denial of copyright registration, is required prior to bringing suit for copyright infringement.")

No certificate of registration was attached to the Complaint.  Nor were any registration numbers recited in the text of the Complaint.  Attached hereto as Exhibit "A" is the affidavit of one of the Lyons Defendants' attorneys, Werner Sabo, attesting that he could find no record of a copyright registration on behalf of either Plaintiff.  Because the Plaintiffs have not satisfied the jurisdictional prerequisite necessary to the filing of a copyright infringement action, dismissal is required pursuant to Federal Rule of Civil Procedure 12(b)(1).

2

<u>LICENSE</u>

Attached as Exhibit "A" to the Complaint was a contract between Plaintiff Nova and Defendant Grace Hotels ("Contract").[2]  At paragraph nine of this Contract, an express license is conveyed:  "The Owner agrees not to use any drawings received from Nova Design Build, Inc., for bidding, permit or construction purposes unless and until Nova Design Build, Inc. is paid in full for all the invoices due for Part 1."  The Complaint goes on to admit that Nova was, indeed, paid in full, albeit apparently begrudgingly.  <u>See</u> the Complaint, at ¶ 42 ("Nova was ultimately forced to accept $18,000 of the more than $28,000 to which it was entitled.")  Thus, according to the Complaint, Grace, as the owner, enjoyed a license to use Nova's drawings to complete the subject project.[3]

The facts alleged here are reminiscent of those in <u>IAE v. Shaver</u>, 74 F.3d 768 (7th Cir. 1996).  In <u>Shaver</u>, as here, an architect was hired to prepare drawings for a project.  The architect, Shaver, thought he would be hired for the entire project.  However, his services were terminated after completion of only part of the project.  There was also a fee dispute in <u>Shaver</u>.  Notably, however, Shaver was not paid his fee while Nova admits that it was fully paid by way of an apparent accord and satisfaction reached between Nova and Grace.  <u>See</u> the Complaint, at ¶ 42. Even more notably, the contract at issue in <u>Shaver</u> made no mention of copyright, while in the instant case, an express license was conveyed.  Nevertheless, the <u>Shaver</u> court concluded that an

---

[2]  The Contract, on its face, was drafted by Plaintiff Nova and therefore must be construed against Nova in the case of any ambiguity.

[3]  Further according to the Complaint, Defendant Lyons Design Group was hired by Defendant "Grace and/or Capital" to serve as the project follow-on architect.  <u>See</u> the Complaint, at ¶ 50.  Defendant Grace is the project developer.  <u>See</u> the Complaint, at ¶ 3.  Defendant Capital is the project general contractor.  <u>See</u> the Complaint, at ¶ 59.

3

implied license existed in favor of the plaintiff owner to use Shaver's design to complete the project, just as the plans here were allegedly used to complete the building originally contemplated on the original site. Because the Defendant developer, Grace, had a license to utilize Nova's design in precisely the manner it was allegedly utilized, the Lyons' Defendants' use of said design, if any, was authorized as a matter of law.

<u>ATTORNEYS' FEES</u>

17 U.S.C. 505 allows for the awarding of attorneys' fees to the prevailing party. While this is a discretionary standard, attorneys' fees are often awarded to a defendant if a reasonable plaintiff would not have brought the case. In fact, an award of attorneys' fees "is the rule rather than the exception and should be awarded routinely." <u>Micromanipulator Co., v. Bough</u>, 779 F.2d 255 (5th Cir. 1985). In this case, the Plaintiffs failed to attach a certificate of copyright registration or even identify a registration number, even though a registered copyright certificate is a jurisdictional precondition to the filing of suit. This, alone, should result in an attorneys' fees award in favor of the Lyons Defendants.

<u>CONCLUSION</u>

There is no jurisdiction to hear this copyright case because there is no copyright registration. Even if a copyright certificate had been attached to the Complaint, the Defendants have a license to use Nova's drawings to complete the project in question pursuant to the Seventh Circuit's opinion in <u>IAE v. Shaver</u>, 74 F.3d 768 (7th Cir. 1996). For these reasons, Counts I, VI and VII of the Complaint must be dismissed. Finally, pursuant to the Copyright Act, the Lyons Defendants are entitled to their attorneys' fees.

4

Wherefore, Defendants Lyons Design Group, Inc. and Adam Lyons, request that:

A.    Counts I, VI and VII of the Complaint for Injunctive and Other Relief be

      dismissed;

B.    they be awarded their attorneys' fees incurred to date; and

C.    such additional relief be allowed as is just.

                                        **SABO & ZAHN**


                                        By:   /s/ Werner Sabo


Werner Sabo (No. 3128735)
Shawn E. Goodman (No. 6216155)
Attorneys for Lyons Defendants
Sabo & Zahn
401 N. Michigan Avenue
Suite 2050
Chicago, IL 60611
(312) 655-8620 (phone)
(312) 655-8622 (fax)
wsabo@sabozahn.com
sgoodman@sabozahn.com

X:\Business\BUSINESS\Lyons\Grace Hotels\Motions\Dismiss2.wpd