UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOVA DESIGN BUILD, INC., and ANNEX BUILDERS LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>GRACE HOTELS, LLC, MUKESH BHEDA LYONS DESIGN GROUP, INC., ADAM LYONS, ROBERT WALZ, CAPITAL CONSTRUCTION LLC, and JEFF SCHMITZ,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 07 C 6369<br>)<br>)   Hon. John F. Grady<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS COUNTS I, VI AND VII OF THE COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiffs Nova Design Build, Inc. ("Nova"), and Annex Builders LLC (collectively, "Plaintiffs"), by their attorneys, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, respectfully submit this response in opposition to the motion of Defendants Lyons Design Group, Inc., and Adam Lyons (the "Lyons Defendants"), to dismiss Counts I, VI and VII of the Complaint for Injunctive and Other Relief filed in this captioned action (the "Motion"). As set forth more fully below, the Motion lacks merit and should be denied.

**The Unlawful Duplication of Nova's Design Drawings**

1.  Nova commenced this action, in part, to redress the unauthorized and infringing use of Nova's copyrighted architectural and engineering design drawings by the Lyons Defendants (among others) in connection with the construction of a Holiday Inn Express hotel in Waukegan, Illinois (the "Project").

2.  On each and every drawing prepared by Nova in connection with the Project, the following prominently appears in large and all capitalized letters:

© 2006 NOVA DESIGN BUILD, INC.  ALL RIGHTS RESERVED.

{6308 MOT A0197308.DOC}

NO PART OF THIS DRAWING MAY BE REPRODUCED IN ANY WAY WITHOUT THE PRIOR WRITTEN PERMISSION OF NOVA DESIGN BUILD, INC.

The drawings were issues on or about June 19, 2006 for submission to the City of Waukegan in connection with its permitting process on the Project.

3. As set forth in greater detail in its Complaint, the Lyons Defendants copied the drawings, made minor revisions, and passed them off as their own. The Lyons Defendants' drawings are the same or substantially similar in overall form, arrangement, layout, description and composition of spaces and elements of unique or creative design, as Nova's copyrighted drawing, including among other things, Nova's wall layout, wall bump-outs, column placement, shaft locations, elevator placement, pool placement, room numbers and names, suite configuration, location of specific specialized rooms and amenities, and the number and configuration of bays.

4. The Complaint purports to state claims for Copyright infringement (Count I), for violation of the Illinois Uniform Deceptive Trade Practice Act (Count VI) and for Tortious Interference (Count VII), among others.

## The Lyon's Defendants' Motion to Dismiss

5. Although they do not deny copying Nova's drawings, the Lyons Defendants have moved to dismiss Counts I, VI and VII of the Complaint, on the alleged grounds that the Court lacks subject matter jurisdiction and that the Lyons Defendants somehow enjoyed a "license" to copy Nova's design drawings. Under the guise of "other relief," the Lyons Defendants request an award of attorneys' fees in their favor.

6. As set forth below, the Motion ignores the plain language of the Copyright Act, as well as well settled axioms of civil procedure, attempting to distort (rather than accept) the well

pled facts set forth in the Amended Complaint. The Motion is wholly without merit and should be denied.

### This Court Plainly Has Subject Matter Jurisdiction Over the Claim Asserted under the Copyright Act and Pendent Claims Between the Parties

7. Ignoring the factual allegation in the Complaint that the Nova "owns a valid and registered copyright" on its design drawings (see paragraph 71), the Lyons Defendants challenge the Court's jurisdiction because no registration number was pled, no certificate of registration was attached, and their counsel's online search found no record of registration.

8. In fact, the Copyright Act makes clear that none of the referenced is required to invoke this Court's jurisdiction. Quite the contrary, the Act makes it clear that "[t]he effective date of a copyright registration is the day on which an application, deposit and fee ... have all been received in the Copyright Office." 17 U.S.C. § 410 (d).

9. As the attached affidavit of Himanshu J. Modi indicates (see Exhibit A), the effective date of registration of the relevant copyrighted design drawings is September 27, 2007, which precedes the filing of the captioned action. The Motion's jurisdictional challenge is baseless and must be rejected.

### Plaintiffs have properly Pled Claims Under Counts I, VI and VII

10. Equally baseless is the 12(b)(6) challenge to Counts I, VI and VII premised upon the purported license granted to use the copyrighted drawings. A Rule 12(b)(6) motion to dismiss simply challenges whether the allegations of a complaint are legally sufficient to state a claim upon which relief can be granted. *See, e.g., Ribando v. United Airlines, Inc.*, 200 F.3d 507, 509 (7th Cir. 1999). This Court is to draw from pled facts all reasonable inferences in a light most favorable to the non-movant, and must deny a motion to dismiss unless it is "beyond doubt" that

the assumed facts and reasonable inferences cannot support a claim for legal relief. *Id.* at 509, quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1975); *see also Johnson v. Rivera, et al.*, 272 F.3d 519, 520 (7th Cir. 2001).

11.     The Lyons Defendants purport to rely on a single provision of Nova's contract with Grace Hotel LLC, which states that "the Owner[, Grace Hotel,] agrees not to use any drawings received from Nova Design Build, Inc., *for bidding, permit or construction purposes* unless and until Nova Design Build, Inc. is paid in full for all the invoices due for Part 1." (Emphasis added). The Lyons Defendants muse that that provision should be construed broadly so as to allow the Owner to do anything it pleases with the drawings in order to complete the subject project. (See Motion at p. 3). This broad construction defies law and logic.

12.     Indeed, as the plain language states, whatever "license" was conferred upon payment was a limited one; it gave Grace Hotel the right to use the drawings for purposes of soliciting bids, or obtaining permits, and then allows Grace Hotels to use the drawings to construct the building that Nova designed. It does not, however, give Grace Hotels the privilege of have others copy the drawings, make changes and pass them off as their own design. In fact, in the next breath, Nova's agreement with Grace expressly states: "Design and drawings remain Nova Design Build, Inc.'s property, **and not to be duplicated anywhere in any fashion** without Nova Design Build, Inc.'s written approval. (Emphasis added). The notion, therefore that the agreement gave the Lyons Defendants a "license to copy" strains the limits of good faith legal advocacy.

13.     The Lyons Defendants' reliance on *I.A.E. Shaver v. Cantrell, et al.*, 74 F.3d 768 ( 7th Cir. 1996) is wholly misplaced and inappropriate. In *Shaver,* the plaintiff architect was terminated, but nevertheless thereafter sent its drawings to its client under cover of a letter that tacitly invited their use. *Id.* at p. 771 (the accompanying letter stated "We trust that our ideas and

knowledge exhibited in our work will assist [you] in realizing a credible and flexible use ...facility.") The Court concluded that under those circumstances, the letter objectively manifested an intent to allow others to use, copy and modify the drawings. In stark contrast, Nova never stated or suggested to anyone (either before or after it was terminated) that they could copy or modify its drawings.

14.　　In short, the Court's rationale in *Shaver* has no bearing on this case, and falls well short of supporting a Rule 12(b)(6) Motion which requires that all facts be accepted as true, and all inferences be drawn in Nova's favor. Nova has plainly stated its claims and the Motion should be denied.[1]

> Respectfully submitted,
>
> NOVA DESIGN BUILD, INC.
>
> By: /s/ George J. Spathis
> 　　　One of its Attorneys

George J. Spathis (No. 6204509)
S. Jared Raab (admission pending)
Rebecca Hanson (No. 6280296)
Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
321 N. Clark, Suite 800
Chicago, Illinois 60610
(312) 541-0151

---

[1] The Lyons Defendants' request for award of attorneys fees, predicated on a presumption that they would prevail on the merits of their Motion, should similarly and accordingly be rejected.