UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOVA DESIGN BUILD, INC., and ANNEX BUILDERS LLC, )<br>)<br>) | |
| Plaintiffs, )<br>) | |
| v. ) | Civil Action No. 07 C 6369 |
| ) | |
| GRACE HOTELS, LLC, MUKESH BHEDA ) | Hon. John F. Grady |
| LYONS DESIGN GROUP, INC., ADAM ) | |
| LYONS, ROBERT WALZ, CAPITAL ) | |
| CONSTRUCTION LLC, and JEFF SCHMITZ, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' AMENDED RESPONSE IN OPPOSITION TO THE
LYONS DEFENDANTS' MOTION TO DISMISS COUNTS I, VI AND
VII OF THE COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiffs Nova Design Build, Inc. ("Nova"), and Annex Builders LLC (collectively, "Plaintiffs"), by their attorneys, pursuant to Rule 12 of the Federal Rules of Civil Procedure and this Courts order dated January 16, 2008, respectfully submit this amended response in opposition to the motion of to dismiss Counts I, VI and VII of the  Complaint for Injunctive and Other Relief filed in this captioned action (the "Motion") filed by Defendants Lyons Design Group, Inc., and Adam Lyons (the "Lyons Defendants") As set forth more fully below, the Motion lacks merit and should be denied.

### The Unlawful Duplication of Nova's Design Drawings

1.   Nova commenced this action, in part, to redress the unauthorized and infringing use of Nova's copyrighted architectural and engineering design drawings by the Lyons Defendants (among others) in connection with the construction of a Holiday Inn Express hotel in Waukegan, Illinois (the "Project").

2. On each and every drawing prepared by Nova in connection with the Project, the following prominently appears in large and all capitalized letters:

© 2006 NOVA DESIGN BUILD, INC. ALL RIGHTS RESERVED.
NO PART OF THIS DRAWING MAY BE REPRODUCED IN ANY WAY WITHOUT THE PRIOR WRITTEN PERMISSION OF NOVA DESIGN BUILD, INC.

The drawings were issues on or about June 19, 2006 for submission to the City of Waukegan in connection with its permitting process on the Project.

3. As set forth in greater detail in its Complaint, the Lyons Defendants copied the drawings, made minor revisions, and passed them off as their own. The Lyons Defendants' drawings are the same or substantially similar in overall form, arrangement, layout, description and composition of spaces and elements of unique or creative design, as Nova's copyrighted drawing, including among other things, Nova's wall layout, wall bump-outs, column placement, shaft locations, elevator placement, pool placement, room numbers and names, suite configuration, location of specific specialized rooms and amenities, and the number and configuration of bays.

4. The Complaint purports to state claims for Copyright infringement (Count I), for violation of the Illinois Uniform Deceptive Trade Practice Act (Count VI) and for Tortious Interference (Count VII), among others.

### The Lyon's Defendants' Motion to Dismiss

5. Although they do not deny copying Nova's drawings, the Lyons Defendants have moved to dismiss Counts I, VI and VII of the Complaint, on the alleged grounds that the Court lacks subject matter jurisdiction and that the Lyons Defendants somehow enjoyed a "license" to copy Nova's design drawings. Under the guise of "other relief," the Lyons Defendants request an award of attorneys' fees in their favor.

6.     As set forth below, the Motion ignores the plain language of the Copyright Act, as well as well settled axioms of civil procedure, attempting to distort (rather than accept) the well pled facts set forth in the Amended Complaint. The Motion is wholly without merit and should be denied.

### This Court Plainly Has Subject Matter Jurisdiction Over the Claim Asserted under the Copyright Act and Pendent Claims Between the Parties

7.     The Complaint plainly and correctly alleges that Nova "owns a valid and registered copyright" on its design drawings (see paragraph 71). Nevertheless, the Lyons Defendants challenge the Court's subject matter jurisdiction because no copyright registration number was pled, no certificate of registration was attached, and their counsel's online search found no record of registration.

8.     In fact, the Copyright Act makes clear that none of the referenced is required to invoke this Court's subject matter jurisdiction. Quite the contrary, the Act makes it clear that "[t]he effective date of a copyright registration is the day on which an application, deposit and fee ... have all been received in the Copyright Office." 17 U.S.C. § 410 (d).

9.     As the attached affidavit of Himanshu J. Modi indicates (see Exhibit A submitted herewith), the effective date of registration of the relevant copyrighted design drawings was September 16, 2007, which precedes the filing of the captioned action. The Motion's jurisdictional challenge is baseless and must be rejected.

10.    In open Court, the Lyons Defendants' counsel argued that a copyright is not "registered" until the Copyright Office actually approves or rejects the application. In fact, there is a split in the Circuits as to the effective date of registration.

11.    On the one hand, the Tenth Circuit requires actual approval or rejection of the copyright application by the Copyright Office before the filing of an infringement claim. *See,*

*e.g., La Resolana Architects, PA v. Clay Realtors Angel Fire,* 416 F.3d 1195 (10th Cir. 2005). By contrast, the Fifth and Eighth Circuits simply require the submission of an application, deposit, and fee to the Copyright Office to demonstrate the "registration" that is a prerequisite to filing an infringement action. *See, e.g., Lakedreams v. Taylor,* 932 F.2d 1103, 1108 (5th Cir.1991) ("a plaintiff has complied with the statutory formalities when the Copyright Office receives the plaintiff's application for registration, fee and deposit"); *Apple Barrel Productions, Inc. v. Beard,* 730 F.2d 384,386 (5th Cir. 1984)("In order bring suit for copyright infringement ... one need only prove payment of the required fee, deposit of the work in question, and receipt by the Copyright Office of the registration application."); *Action Tapes, Inc. v. Mattson,* 462 F.3d 1010, 1013 (8th Cir.2006).

12. Frankly, the rationale of the Tenth Circuit is perplexing. Indeed, it is well settled that a copyright is valid without regard to registration,[1] and as the Tenth Circuit expressly noted, a plaintiff can sue under the Copyright Act to remedy infringement whether or not Copyright Office rules *favorably or unfavorably* on the application for registration. As a practical matter, therefore, requiring the Copyright Office to rule on an application as a prerequisite to invoking the Court's jurisdiction only serves to delay valid enforcement actions for months because of backlogs at the Copyright Office. 416 F.3d at 1203, n.7 (Court noting the Copyright Office has admitted backlogs that typically delay the issuance of certificates for four to five months). This absurd result virtually forecloses the most meaningful remedy—the right to seek injunctive relief to protect intellectual property—and eviscerates the very foundation of copyright law.

13. For this reason, a number of District Courts have rejected the Tenth Circuit approach, and followed the reasoning of the Fifth and Eight Circuits, permitting litigation to commence upon the proper submission of an application. *See, e.g., Prunte v. Universal Music*

---

[1] *Chicago Bd. of Education v. Substance, Inc.,* 354 F.3d 624, 631 (7th Cir.2003)

*Group,* 484 F.Supp.2d 32, 40 (D.D.C. 2007)("the more common practice is for courts to allow suit to go forward as soon as the application has been completed and submitted to the Copyright Office); *Iconbazaar, L.L.C., v. America Online, Inc.,* 308 F.Supp.2d 630, 634 (M.D.N.C. 2004)("the overall statutory scheme governing institution of infringement actions supports the position that Congress intended for registration to be complete upon application."); *Foraste v. Brown Univ.,* 248 F.Supp.2d 71, 77 n. 10 (D.R.I. 2003)(to require an actual decision by the Copyright Office as a prerequisite to litigation "ignores the statute's mandate that the merits of the application materials are 'later determined,' that is, determined sometime after the right to sue comes into being"); *International Kitchen Exhaust Cleaning Ass'n v. Power washers of North America,* 81 F.Supp.2d 70,72 (D.C.Cir. 2000)("To best effectuate the interests of justice and promote judicial economy, the court endorses the position that a plaintiff may sue once the Copyright Office receives the plaintiff's application, work, and filing fee."); *Havens v. Time Warner, Inc.,* 896 F.Supp. 141, 142-43 (S.D.N.Y. 1995)(*quoting Apple Barrel Productions, Inc. v. Beard, supra).*

    14.    Moreover, the leading treatise on Copyright law, *Nimmer on Copyright,* has endorsed the rationale of the Fifth and Eight Circuits as the "better point of view, given that the claimant at that juncture has done all that it can do, and will ultimately be allowed to proceed regardless of how the Copyright Office treats the application." 2 NIMMER ON COPYRIGHT §7.16[B][1][a][i] (1999).

    15.    Contrary to the statements made in open Court by counsel for the Lyons Defendants, it does not appear that the Seventh Circuit has squarely addressed the question. *Woollen, Molzan and Partners, Inc., v. Indianapolis-Marion County Public Library,* 2006 WL 2135819*2 (S.D. Ind. July 28, 2006)("The Seventh Circuit has not yet addressed this issue directly..."). Instead, there is merely a passing reference in *Chicago Bd. of Education v.*

*Substance, Inc.,* 354 F.3d 624, 631 (7th Cir.2003),[2] in which Judge Posner noted that "a copyright no longer need be registered with the Copyright Office to be valid." Although the case dealt with a claim that the registration was invalid, at least one District Court Judge in this Circuit has opined that the dicta actually suggests that the Seventh Circuit may also favor the "application" approach of the Fifth and Eight Circuits *See* 2006 WL 2135819*2.

16.   If there was any question, however, this Court recently (November 30, 2007) made it clear that it prefers the "application" approach of the Fifth and Eight Circuits and Professor Nimmer. *Goss International Americas, Inc., v. A-American Machine & Assembly Co.,* 2007 WL 4294744*2-3 (N.D.Ill. November 30, 2007).[3] In *Goss,* a case squarely on point, the Plaintiff submitted its application to register its copyright in May 2007, and shortly thereafter, filed suit for infringement of the copyright. Citing the Tenth Circuit's decision in *La Resolana,* the Defendant moved to dismiss for lack of subject matter jurisdiction, noting that the Copyright Office had not yet ruled on the application. At the outset, Judge Gettleman, noted the split in the Circuits, and like the Court in *Woollen, Molzan and Partners,* reasoned that *Chicago Bd. of Education v. Substance, Inc.,* was factually inapposite to the case before it. *Id.* (*"Chicago Bd. of Education v. Substance, Inc.* differs somewhat from the instant case, though, because in the case before Judge Posner the Copyright Office had issued a registration certificate").

17.   More importantly, Judge Gettleman recognized the anomaly and prejudice that would result in unjustly delaying a plaintiff's right to sue, succinctly holding:

---

[2]   It is believed that *Chicago Bd. of Education v. Substance, Inc.,* 354 F.3d 624 (7th Cir.2003) is the case to which counsel cited and from which he purported to read in open court. Despite repeated requests to counsel that he confirm the name and citation of the case from which he read, he has failed or refused to respond.

[3]   The Courts' unpublished opinions in *Woollen, Molzan and Partners* and *Goss International* are submitted herewith as Exhibits B and C, respectively.

> In the instant case, plaintiff has been waiting since May 2007 for some action by the Copyright Office. In the meantime, plaintiff has allegedly suffered financial damage as a result of defendant's copying of its images, as discussed below. Additionally, the statute allows a party to sue for infringement not only after approval of a copyright registration application, but also after a refusal of that registration application. 17 U.S.C. § 411(a). It hardly seems fair, then, to refuse plaintiff the opportunity to sue for infringement until the Copyright Office takes some action when plaintiff will be able to sue after that determination, regardless of the outcome. *For that reason, this court adopts the reasoning of the Fifth and Eighth Circuits and finds that plaintiff's registration is effective for purposes of initiating an infringement suit as of the day plaintiff filed its application with the Copyright Office.*

*Id.* (Emphasis added). The Court denied the defendant's motion to dismiss accordingly.

18. This Court should do the same. Like the plaintiff in Goss, Plaintiff submitted its application, drawings and fee in mid-September. Its check was cashed, and the application was given a "Service Request Number," but four and a half months later, Plaintiff still has not received a certificate (or a rejection). The notion that the Defendants should retain *carte blanche* to continue infringement while the Copyright Office wades through its backlog of applications offends even the most basic notion of fairness. This Court should follow the sound reasoning of Judge Gettlman (as well as the Fifth and Eighth Circuits and Professor Nimmer) and deny the Motion's 12(b)(1) jurisdictional challenge.

### Plaintiffs have properly Pled Claims Under Counts I, VI and VII

19. Equally flawed is the 12(b)(6) challenge to Counts I, VI and VII premised upon the purported license granted to use the copyrighted drawings. A Rule 12(b)(6) motion to dismiss simply challenges whether the allegations of a complaint are legally sufficient to state a claim upon which relief can be granted. *See, e.g., Ribando v. United Airlines, Inc.*, 200 F.3d 507, 509 (7th Cir. 1999). This Court is to draw from pled facts all reasonable inferences in a light most favorable to the non-movant, and must deny a motion to dismiss unless it is "beyond doubt" that

the assumed facts and reasonable inferences cannot support a claim for legal relief. *Id.* at 509, *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1975); *see also Johnson v. Rivera, et al.*, 272 F.3d 519, 520 (7th Cir. 2001).

20. The Lyons Defendants purport to rely on a single provision of Nova's contract with Grace Hotel LLC, which states that "the Owner[, Grace Hotel,] agrees not to use any drawings received from Nova Design Build, Inc., *for bidding, permit or construction purposes* unless and until Nova Design Build, Inc. is paid in full for all the invoices due for Part 1." (Emphasis added). The Lyons Defendants muse that that provision should be construed broadly so as to allow the Owner to do anything it pleases with the drawings in order to complete the subject project. (See Motion at p. 3). This broad construction defies law and logic.

21. Indeed, as the plain language states, whatever "license" was conferred upon payment was a limited one; it gave Grace Hotel the right to use the drawings for purposes of soliciting bids, or obtaining permits, and then allows Grace Hotels to use the drawings to construct the building that Nova designed. It does not, however, give Grace Hotels the privilege of have others copy the drawings, make changes and pass them off as their own design. In fact, in the next breath, Nova's agreement with Grace expressly states: "Design and drawings remain Nova Design Build, Inc.'s property, **and not to be duplicated anywhere in any fashion** without Nova Design Build, Inc.'s written approval. (Emphasis added). The notion, therefore that the agreement gave the Lyons Defendants a "license to copy" strains the limits of good faith legal advocacy.

22. The Lyons Defendants' reliance on *I.A.E. Shaver v. Cantrell, et al.*, 74 F.3d 768 (7th Cir. 1996) is wholly misplaced and inappropriate. In *Shaver,* the plaintiff architect was terminated, but nevertheless thereafter sent its drawings to its client under cover of a letter that tacitly invited their use. *Id.* at p. 771 (the accompanying letter stated "We trust that our ideas and

knowledge exhibited in our work will assist [you] in realizing a credible and flexible use …facility.") The Court concluded that under those circumstances, the letter objectively manifested an intent to allow others to use, copy and modify the drawings. In stark contrast, Nova never stated or suggested to anyone (either before or after it was terminated) that they could copy or modify its drawings.

23. In short, the Court's rationale in *Shaver* has no bearing on this case, and falls well short of supporting a Rule 12(b)(6) Motion which requires that all facts be accepted as true, and all inferences be drawn in Nova's favor. Nova has plainly stated its claims and the Motion should be denied.[4]

Respectfully submitted,

NOVA DESIGN BUILD, INC.

By: /s/ George J. Spathis
One of its Attorneys

George J. Spathis (No. 6204509)
S. Jared Raab (admission pending)
Rebecca Hanson (No. 6280296)
Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
321 N. Clark, Suite 800
Chicago, Illinois 60610
(312) 541-0151

---

[4] The Lyons Defendants' request for award of attorneys fees, predicated on a presumption that they would prevail on the merits of their Motion, should similarly and accordingly be rejected.

## CERTIFICATE OF SERVICE

George J. Spathis, an attorney, certifies that service of the above and foregoing pleading was accomplished through the Electronic Notice for Registrants on the attached CM/ECF service list, as well as by U. S. Mail delivery upon the service list, as indicated, on or before the 30th day of January, 2008. Copies of documents required to be served by Fed. R. Civ. P. 5(a) have been served.

### CM/ECF Service List

The following is the list of attorneys who are currently on the list to receive e-mail notices for this case:

Warner Sabo, Esq.
wsabo@sabozahn.com

Shawn E. Goodman, Esq.
sgoodman@sabozahn.com

Daniel L. Kegan, Esq.
Daniel@keganlaw.com

### Mail Service List

Robert Walz
11111 Hall Rd., Suite 110
Utica, MI 48317

Jeff Schmitz
1955 Hamlin Rd., # 103
Rochester Hills, MI 48309

Capital Construction LLC
1955 Hamlin Rd., # 103
Rochester Hills, MI 48309

_/s/ George J. Spathis_