# EXHIBIT B

Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 2135819 (S.D.Ind.), 82 U.S.P.Q.2d 1316  
(Cite as: 2006 WL 2135819 (S.D.Ind.))

Page 1

C

United States District Court,  
S.D. Indiana,  
Indianapolis Division.  
WOOLLEN, MOLZAN AND PARTNERS, INC.,  
Plaintiff,  
v.  
INDIANAPOLIS-MARION COUNTY PUBLIC  
LIBRARY, Defendant.  
No. 1:06-CV-0662-JDT-TAB.

July 28, 2006.

John Mathews Stuckey, Nicholas Christo Nizamoff, Stuart & Branigin LLP, Indianapolis, IN, William P. Kealey, Stuart & Branigin LLP, Lafayette, IN, for Plaintiff.

C. David Emhardt, Daniel James Lueders, Holiday W. Banta, Woodard, Emhardt, Moriarty, McNett & Henry LLP, Indianapolis, IN, for Defendant.

**ENTRY ON MOTION TO DISMISS (Doc. No. 10) [FN1]**

> FN1. This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

JOHN DANIEL TINDER, District Judge.

*1 The Indianapolis-Marion County Public Library ("Library") is in the process of constructing a renovated and expanded branch in Indianapolis, a project that has resulted in much controversy and litigation. On April 20, 2006, the Library fired its architectural firm, and the firm, Woollen, Molzan and Partners, Inc. ("Woollen Molzan"), responded six days later with this lawsuit. In its amended complaint of May 18, 2006, Woollen Molzan seeks damages on a federal copyright infringement claim (contending that it has protectable copyright interests in the architectural instruments for this project) and various state law claims. The Library promptly moved (in Document Number 10) to dismiss Woollen Molzan's lawsuit, arguing that Woollen Molzan was precluded from bringing a copyright infringement suit until its copyright for the instruments was registered. Both parties fully briefed the issue, and the motion became ripe for review. The United States Copyright Office issued a certificate of registration, a copy of which Woollen Molzan filed with this court on July 6, 2006. [FN2] The court rules as follows.

> FN2. The date of issuance of the registration is not clear to the court. Perhaps it occurred after the briefing on these issues was completed.

**I. STANDARD OF REVIEW**

The Library seeks to dismiss this case under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), [FN3] for failure to state a claim upon which relief may be granted. Under either motion, the court accepts as true all well-pleaded factual allegations in the complaint and draws any reasonable inferences in favor of the plaintiff. *See Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir.1995); *Baxter v. Vigo County Sch. Corp.,* 26 F.3d 728, 730 (7th Cir.1994). This standard means that if any set of facts, even hypothesized facts, could be proven consistent with the complaint, justifying relief in favor of the plaintiff, then the complaint must not be dismissed. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir.1995).

> FN3. Although the 12(b)(6) as part of the motion is actually an aside and is not developed in the Library's briefing, so it will be ignored.

Moreover, in ruling on a 12(b)(1) motion, the district court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel,* 66 F.3d at 897 (*quoting Capitol Leasing Co. v. Fed. Dep. Ins. Corp.,* 999 F.2d 188, 191 (7th Cir.1993) (citation omitted)).

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 2
Not Reported in F.Supp.2d, 2006 WL 2135819 (S.D.Ind.), 82 U.S.P.Q.2d 1316
**(Cite as: 2006 WL 2135819 (S.D.Ind.))**

## II. DISCUSSION

Prior to Woollen Molzan's filing of its copyright registration, the primary issue underlying Library's motion to dismiss was whether a district court has jurisdiction to hear a copyright infringement claim when the plaintiff has applied for a copyright but no registration has yet issued. (Reply Br. Supp. Def.'s Mot. Dismiss 1 .) Woollen Molzan contends that it had submitted its application to the Copyright Office by April 24, 2006, and further alleges that it had complied with the applicable registration requirements. (Compl.¶ 5.) The complaint was silent, however, on whether the copyright had been registered.

*2 Under 17 U.S.C. § 411(a), no person can begin an action for infringement of a copyright until "registration of the copyright claim has been made" or, alternatively, until the registration has been refused and the applicant serves a copy of its complaint on the Register of the Copyrights. 17 U.S.C. § 411(a). The Library argues that this statute requires this court to dismiss Woollen Molzan's infringement claim. (Def.'s Mot. Dismiss 2). Either the court lacked jurisdiction to hear the complaint, or, in the alternative, Woollen Molzan did not have a claim to bring until the copyright was registered. (*Id.*) As the Library correctly noted, if this court dismissed the infringement claim for lack of subject matter jurisdiction, then it would have no basis for acquiring supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. See *Rifkin v. Bear Stearns & Co.,* 248 F.3d 628, 634 (7th Cir.2001).

The jurisdictional issue regarding the requirements of § 411(a) is not a simple one. First, the circuits have divided between the "registration approach," in which a plaintiff must await the Copyright Office's actual registration before filing suit, and the "application approach," in which the plaintiff has a cause of action upon filing a copyright application, along with the appropriate fee and deposit of material to be protected. See *La Resolana Architects, PA v. Clay Realtors Angel Fire,* 416 F.3d 1195, 1202-04 (10th Cir.2005) (describing, in relatively neutral terms, the arguments in support of each approach); see also 17 U .S.C. 410(d) (defining the effective date of copyright registration as "the day on which an application, deposit, and fee ... have all been received in the Copyright Office"). The Seventh Circuit has not yet addressed this issue directly, although one decision suggests that this circuit may favor the "application approach." See *Chi. Bd. of Educ. v. Substance, Inc.,* **354 F.3d 624, 631 (7th Cir.2003)** (noting that "[a]though a copyright no longer need be registered with the Copyright Office to be valid, an application for registration must be filed before the copyright can be sued upon"). The comment in *Chicago Board of Education,* however, was made in passing, directed at the plaintiff's claim that the registered copyright was invalid. *Id.*

Secondly, the parties in this case argue over whether § 411(a) is a condition precedent to filing a lawsuit or a requirement for jurisdiction. If the former, then the court would still have jurisdiction even if the precondition was not met and the plaintiff could not prevail. *See, e.g., Batesville Servs., Inc. v. Funeral Depot, Inc.,* 2004 WL 2750253 at *3 (S.D.Ind. Nov. 10, 2004) (discussing the difference between a condition precedent and jurisdictional requirement in a challenge to the validity of a copyright). *But see Foraste v. Brown Univ.,* 248 F.Supp.2d 71, 76 (D.R.I.2003) (holding that copyright registration is a condition precedent *and* a jurisdictional requirement). The Seventh Circuit has not yet addressed this issue squarely, either.

*3 Both issues must be set aside for another case, another day. The Copyright Office has now apparently issued a Certificate of Registration to Woollen Molzan, and, as noted above, a district court may look beyond a complaint's jurisdictional allegations and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel,* 66 F.3d at 897. As such, there is no justiciable issue before this court on whether a cause of action exists before the Copyright Office has registered the copyright or refused registration.

The only question is whether Woollen Molzan

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

ought to be required to refile its amended complaint to meet the technical requirements of § 411(a), assuming the Seventh Circuit's adoption of the "registration approach," or whether the amended complaint may stand. If the date of filing were an issue, as in a statute of limitations context, then resolution of this question might be necessary. Time, however, is not a factor as it is quite early in the life of this particular dispute. Requiring Woollen Molzan to refile merely for the sake of acquiring a new date stamp is contrary to the spirit of notice pleading. *See, e.g., Grumhaus v. Comerica Secs., Inc.,* 223 F.3d 648, 652 (7th Cir.2000) (declaring the "continuing determination to focus on the substantive merits of various claims, rather than on the purely technical aspects"). There is enough maneuvering going on already in the background of this very public fiasco. There is no useful purpose in requiring Woollen Molzan to retrace its steps by filing yet another complaint in this particular cause of action. That would be a hypertechnicality. The time of the parties would be better spent resolving this case (and the myriad of other dilemmas resulting from this project).

Woollen Molzan has alleged a cause of action meeting the requirements of § 411(a), and this court acquired jurisdiction to hear its claims, at least from the date of the Copyright Office's registration and perhaps sooner.

### III. CONCLUSION

For the reasons stated above, the Motion to Dismiss (Document No. 10) is **DENIED.**

Not Reported in F.Supp.2d, 2006 WL 2135819 (S.D.Ind.), 82 U.S.P.Q.2d 1316

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.