IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NOVA DESIGN BUILD, INC., and ANNEX BUILDERS LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 07 C 6369 |
| GRACE HOTELS LLC, et al., | ) ) | Judge Grady |
| Defendants. | ) ) | |

**THE LYONS DEFENDANTS' REPLY TO PLAINTIFFS' AMENDED RESPONSE IN OPPOSITION TO THE LYONS DEFENDANTS' MOTION TO DISMISS COUNTS I, VI AND VII OF THE COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Defendants Lyons Design Group, Inc. and Adam Lyons ("Lyons Defendants"), by their attorneys, Sabo & Zahn, reply to Plaintiffs' Amended Response in Opposition to the Lyons Defendants' Motion to Dismiss Counts I, VI and VII of the Complaint for Injunctive and Other Relief ("Amended Response"):

INTRODUCTION

This is a copyright case which was commenced on November 9, 2007, when the Plaintiffs, Nova Design Build, Inc. ("Nova") and Annex Builders LLC ("Annex") filed their Complaint for Injunctive and Other Relief ("Complaint"). According to the Complaint, "Nova owns a valid and registered copyright on the design and drawings that it prepared." Complaint, ¶ 71.

After filing suit, the Plaintiffs did literally nothing for nearly two months. Not even any attempt at service on any of the Defendants was initiated. The case therefore lay dormant until

January 2, 2008, when the Lyons Defendants voluntarily appeared and filed The Lyons Defendants' Motion to Dismiss Counts I, VI and VII of Complaint for Injunctive and Other Relief ("Motion to Dismiss").  The Motion to Dismiss pointed out that paragraph 71 of the Complaint was patently false.  In fact, no copyright has *ever* been registered on behalf of either Plaintiff.

The filing of the Motion to Dismiss lit a fire under the Plaintiffs.  On January 3, 2008, they filed a "Motion for Expedited Pretrial Conference, Accelerated Discovery and Evidentiary Hearing on Plaintif's [sic] Motion for Preliminary Injunction."[1]  The Plaintiffs also filed, on January 15, 2008, Plaintiffs' Response in Opposition to the Motion to Dismiss Counts I, VI and VII of the Complaint for Injunctive and Other Relief ("Response").  Attached to the Response as Exhibit "A" was the Affidavit of Himanshu J. Modi.  Modi claimed to have sent on September 26, 2007, "the attached application together with the requisite filing fee and deposit of works to the Library of Congress Copyright Office in Washington, D.C., to register the copyrighted architectural and design drawings that were prepared for the erection of a Holiday Inn Express by Grace Hotels LLC in Waukegan, Illinois."  Exhibit "A" to the Response, at ¶ 2.  Despite this, no copy of any application was attached to the Response.

The following day, January 16, 2008, the parties appeared in court for the first time. When the lack of any application was raised, Plaintiffs' counsel, George J. Spathis, represented that this was a mere oversight and further represented that he would forward to Defendants' counsel forthwith a copy of the same.  The court then proceeded to allow the Plaintiffs "leave to file a supplemental response to the motion to dismiss/lack of jurisdiction by 1/30/08; reply due

---

[1] No motion for preliminary injunction has ever been filed in this case.

by 2/6/2008."

Following the January 16, 2008, hearing, no copy of the mysterious, missing application which should have been attached to the Response was forthcoming.  Therefore, the Defendants, through counsel, began sending correspondence to Mr. Spathis requesting that he do what he said he would do in open court on January 16, 2008.  *Seven letters and/or e-mails, and six days, later*, Mr. Spathis finally located his copy of the alleged copyright application and forwarded it on to the Defendants' attorneys.  A copy of the same is also attached to the Amended Response as an exhibit to Exhibit "A" thereto.[2]

It is readily apparent why Mr. Spathis sandbagged the Defendants on the all-important copyright application.  *It makes no mention of either Plaintiff.*  Instead, it unambiguously identifies "Himanshu J. Modi" as both the author and copyright claimant of the subject "Architectural Work."  Himanshu J. Modi is not a party to this case.[3]  Thus, it is now undisputed that paragraph 71 of the Complaint is and always has been fraudulent.  Not only does Nova not own "a valid and registered copyright," it *cannot* own a valid and registered copyright in the design of the Holiday Inn Express in Waukegan, because an application for the same is apparently pending on behalf of someone altogether different: Mr. Modi.  In this application, Mr. Modi claims to be the author and owner of any copyright, not Nova or Annex, the two Plaintiffs.

---

[2]  Exhibit "A" to the Amended Response is another Affidavit of Himanshu J. Modi.  Mr. Modi apparently cannot make up his mind as to when the application in question was sent.  This time, he swears that such was accomplished on September 16, 2007, contrary to his prior sworn statement that he had done so ten days later, on September 26, 2007.

[3]  Mr. Modi is apparently "the sole shareholder and chief executive officer of Nova Design Build, Inc." Exhibit "A" to the Amended Response, at ¶ 1.

ARGUMENT

    I.    <u>There is no jurisdiction to hear this copyright case</u>.

The Motion to Dismiss established a lack of jurisdiction due to the non-existence of a certificate of registration issued by the Copyright Office prior to the time of the filing of this action, as required by 17 U.S.C. § 411(a). The Plaintiffs have responded by filing two inconsistent affidavits of Himanshu J. Modi attesting that he submitted a copyright application, but has yet to receive a response from the Copyright Office. As set forth above, that application was filed in Mr. Modi's own name, not that of either Plaintiff. However, even if one or both of the Plaintiffs had sent in an application on either September 16, 2007, or September 26, 2007, such would not be sufficient to confer jurisdiction.

The Amended Response posits the existence of "a split in the Circuits as to the effective date of registration." Amended Response, ¶ 10. "On the one hand, the Tenth Circuit requires actual approval or rejection of the copyright application by the Copyright Office before the filing of an infringement claim. By contrast, the Fifth and Eighth Circuits simply require the submission of an application, deposit, and fee to the Copyright Office to demonstrate the 'registration' that is a prerequisite to filing an infringement action." Amended Complaint, ¶ 11 (citations omitted). However, the Amended Response fails to note that this jurisdiction, the Seventh Circuit, sides with the Tenth Circuit and in opposition to the Fifth and Eight Circuit approach.[4] See <u>Gaiman v. McFarlane</u>, 360 F.3d 644, 655 (7th Cir. 2004) ("registration . . . is a prerequisite to a suit to enforce a copyright. More precisely, an application to register must be

---

[4] Indeed, the Amended Response falsely proclaims that "it does not appear that the Seventh Circuit has squarely addressed the question." Amended Response, ¶ 15.

4

filed, *and either granted or refused*, before suit can be brought.") (emphasis added).

The Plaintiffs describe "the rationale of the Tenth Circuit" as being "perplexing."[5] Amended Response, ¶ 12.  However, the Plaintiffs themselves have demonstrated why the rule of law adhered to by both the Tenth Circuit and the Seventh Circuit is superior to that followed in the Fifth and Eighth Circuits.  *Until a copyright application is actually processed by the Copyright Office, there is no reason to assume the existence of jurisdiction based upon a plaintiff's bare assertion that it expects to eventually receive a certificate identifying itself as the registered owner of a particular copyright in a particular work.*[6]  Indeed, doing so invites the exercise of non-existent jurisdiction, thereby rendering the entire case void *ab initio*.

The Amended Response goes on to cite "a number of District Courts" which supposedly "have rejected the Tenth Circuit approach, and followed the reasoning of the Fifth and Eighth Circuits, permitting litigation to commence upon the proper submission of an application." Amended Response, ¶ 13.  Of these, two were decided in the District of Columbia, one in North Carolina, one in Rhode Island, and another in New York.  The remaining two were *unpublished opinions* emanating from the Southern District of Indiana and the Northern District of Illinois, respectively.  Put simply, to the extent district courts in Indiana and Illinois are failing to adhere

---

[5]  The Plaintiffs also disparagingly and melodramatically attack the analysis of the Tenth Circuit and, by implication, the Seventh Circuit as being "absurd" and "eviscerat[ing] the very foundation of copyright law."  Amended Response, ¶ 12.

[6]  Here, on the face of the exhibit to Exhibit "A" attached to the Amended Response, Plaintiff Nova's assertion that it "owns a valid and registered copyright" is just flat-out untrue.  If and when the copyright application at issue is approved, it will identify Mr. Modi, not Nova, as the registered copyright owner.

to Seventh Circuit precedent, they are subject to being overturned.[7]

      II.      The Defendants enjoyed a license to do exactly what the Plaintiffs allege was done.

The Motion to Dismiss went on to show that, as a matter of law, a license was conveyed to utilize the Plaintiff's work in precisely the manner alleged, i.e., to complete the hotel construction project. In particular, the law of I.A.E. v. Shaver, 74 F.3d 768 (7th Cir. 1996), stands for just this proposition. Furthermore, the contract attached to the Complaint grants to the owner, Defendant Grace Hotels LLC, an *express* license to use Nova's design in order to complete the design and construction.[8]

The Plaintiffs do not argue that Nova's plans were used for any purpose other than that for which the architect's work was used in Shaver. Instead, the Plaintiffs attempt to split hairs over the scope of the license Nova wrote into its form contract. However, this same scope argument was considered and rejected in Shaver. See id. at 777 - 778 ("Mr. Shaver submits that, even if there was an implied license for the use of his drawings, the Airport, Cantrell and Joint Venture exceeded the scope of that license by allowing another architect . . . to use the designs. . . . Mr. Shaver's assertion that he did not grant the right to further use of his drawings unless he was the architect continuing the Project is simply not supported *by the contract*.") (emphasis added). Indeed, if one were to read Nova's form contract so as to limit the scope of the license to

---

[7] The Amended Response also cites a treatise on copyright law. Amended Response, ¶ 14. However, that treatise, like the Fifth and Eight Circuits, is diametrically opposed to the law of this jurisdiction.

[8] Shaver concerned an implied, as opposed to express, license because the architect's contract was silent on the issue.

the extent advocated by Nova, it would be tantamount to writing the license out of the contract.

The Amended Response also makes much of a letter sent by Mr. Shaver long after his contract had been entered into and his work completed. Amended Response, ¶ 22. However, that letter had little or no bearing on the outcome of Shaver. The license in Shaver was implied into the contract between the owner and architect, not any correspondence between the parties.[9] See id.

The Amended Response cites no authority whatsoever with regards to the license issue other than Shaver itself. The Defendant owner, Grace Hotels LLC, was the recipient of a license from Nova to make use of its architectural drawings, for which Grace Hotels paid in full, in order to proceed with the Holiday Inn Express project in Waukegan. Therefore, the Lyons Defendants' utilization of Nova's design, if any, was authorized pursuant to said license.

III.    This case calls out for an attorneys' fee award.

The Complaint was filed in the absence of any copyright registration. Even worse, the copyright application attached to the Amended Response was not filed on behalf of either Plaintiff, neither of which is the author or copyright claimant identified on the face of the application. Attorneys' fees should be awarded to the Defendants as contemplated by 17 U.S.C. § 505.

## CONCLUSION

Jurisdiction to hear this copyright case does not exist. There is no copyright registration.

---

[9] Again, the instant case is an even stronger one of license than was Shaver given that Nova, via its form contract, actually conveyed an express license. See Exhibit "A" to the Complaint, at ¶ 9.

If and when a copyright registration is issued, it will be in the name of an individual who is neither of the corporate Plaintiffs who apparently have no interest whatsoever in the materials yet to be copyrighted.  Even if one or the other of the Plaintiffs held a copyright certificate, the Defendants were licensed to do exactly what the Complaint alleges was improperly done.  For these reasons, Counts I, VI and VII of the Complaint must be dismissed.  Finally, the Defendants are entitled to their attorneys' fees pursuant to the Copyright Act.

Wherefore, Defendants Lyons Design Group, Inc. and Adam Lyons, request that:

A.   Counts I, VI and VII of the Complaint for Injunctive and Other Relief be dismissed;

B.   they be awarded their attorneys' fees incurred to date; and

C.   such additional relief be allowed as is just.

**SABO & ZAHN**

By:   /s/ Werner Sabo

Werner Sabo (No. 3128735)
Shawn E. Goodman (No. 6216155)
Attorneys for the Lyons Defendants
Sabo & Zahn
401 N. Michigan Avenue
Suite 2050
Chicago, IL 60611
(312) 655-8620 (phone)
(312) 655-8622 (fax)
wsabo@sabozahn.com
sgoodman@sabozahn.com

X:\Business\BUSINESS\Lyons\Grace Hotels\Motions\Reply2.wpd