UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOVA DESIGN BUILD, INC., and ANNEX BUILDERS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GRACE HOTELS, LLC, MUKESH BHEDA LYONS DESIGN GROUP, INC., ADAM LYONS, ROBERT WALZ, CAPITAL CONSTRUCTION LLC, and JEFF SCHMITZ, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 07 C 6369 <br><br> Hon. John F. Grady |

**PLAINTIFFS' SUR-REPLY TO NEW ARGUMENTS RAISED BY LYONS DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS**

Plaintiffs Nova Design Build, Inc. ("Nova"), and Annex Builders LLC (collectively, "Plaintiffs"), by their attorneys, submit this sur-reply to address new arguments and authority raised by Defendants Lyons Design Group, Inc., and Adam Lyons (the "Lyons Defendants") in their reply in support of their motion of to dismiss Counts I, VI and VII of the Complaint for Injunctive and Other Relief filed in this captioned action.

Although obscured by hefty doses of vitriolic rhetoric—which is both misleading and immaterial--the Lyons Defendants' reply raises a new argument: that Nova cannot own the copyright, because Himanshu Modi (Nova's sole principle) submitted an application listing himself as the claimant. For good measure, the reply muses about a scheme to conceal this fact; claiming that the complaint is fraudulent. As set forth below, this new argument should be rejected, the specious allegations ignored, and the motion to dismiss denied.

First, so it is clear, Nova is the correct claimant. As the Lyons Defendants have seemingly ignored (but cannot dispute), each and every one of the relevant drawings contain the following, in large and all capitalized letters:

© **2006 NOVA DESIGN BUILD, INC. ALL RIGHTS RESERVED.**
NO PART OF THIS DRAWING MAY BE REPRODUCED IN ANY WAY WITHOUT THE PRIOR WRITTEN PERMISSION OF **NOVA DESIGN BUILD, INC.**

(emphasis supplied). Ownership of the copyrighted drawings could not be more clear.

Indeed, the subject drawings plainly constitute "work for hire." As his affidavit makes clear, Himanshu Modi is the sole shareholder and chief executive of Nova. He signed the subject contract with Grace Hotels on behalf of Nova, and prepared drawings for Nova to be delivered pursuant to the contract. Grace Hotels paid Nova (not Modi) for the work. As a matter of law, therefore, Nova (not Modi) owns the copyright. *See, e.g., Evans Newton, Inc., v. Chicago Systems Software*, 793 F.2d 889, *cert. denied* 479 U.S. 949 (7th Cir. 1986)(employer-employee relations between author and holder of copyright *Manning v. Board of Trustees of Community College Dist. No. 505 (Parkland College)*, 109 F.Supp.2d 976 (C.D.Ill. 2000). Nova is the correct claimant in this litigation.

If anything, the Lyons Defendants have exposed an immaterial and innocent error in the preparation of the application which should have checked "yes" where the application asks whether it was a "work for hire"[1] (the application did not check "yes" or "no") and listed Nova below. This does not, however, invalidate the application or the Registration. Quite the contrary, "immaterial, inadvertent errors in an application for copyright registration will be excused and do not destroy the validity of registration." *LZT Filliung Partnership, LLP v. Cody/Braun & Associates, Inc.*, 117 F.Supp. 745, 751 (N.D.Ill. 2000); *see also Harris Custom Builders, Inc., v. Hoffmeyer*, 92 F.3d 517, 519 (N.D.Ill. 1996)(the fact that builder incorrectly listed itself—rather than architect—as the author of architectural plans on application did not invalidate copyright registration). The error can be remedied through the assignment of the

---

[1] The application defines "work for hire" as "a work prepared by an employee within the scope of his or her employment."

copyright by Modi to Nova, and if this Court deems it necessary, amendment of the complaint to reflect the same. Jurisdiction, however, would not be impacted by such a technicality. *Woollen, Molzan and Partners, Inc., v. Indianapolis-Marion County Public Library,* 2006 WL 2135819*3 (S.D. Ind. July 28, 2006).

Finally, the Lyons Defendants' suggestion that the Seventh Circuit has adopted the minority view that requires actual approval *or* denial of a registration application as a prerequisite to bringing suit is notably misleading. In fact, the case they cite, *Gaiman v. McFarlane,* 360 F.3d 644 (7th Cir. 2004), did not even involve a jurisdictional challenge. Although there is a passing reference, in *dicta,* to a requirement under 411(a) that an application be "granted or refused" before commencing suit, there is absolutely no analysis, authority or rationale cited. Nor has *Gaiman* been cited by any Court in this (or any) Circuit as determinative (or even probative) of the jurisdictional challenge like the one the Lyons Defendants have raised.

In stark contrast, the more recent reported decisions in this Circuit have made clear, "the Seventh Circuit has not yet addressed this issue directly..." *Woollen, Molzan and Partners, Inc., v. Indianapolis-Marion County Public Library,* 2006 WL 2135819*2 (S.D. Ind. July 28, 2006). This is plainly evidenced by this Court's most recent holding in *Goss International Americas, Inc., v. A-American Machine & Assembly Co.,* 2007 WL 4294744*2-3 (N.D.Ill. November 30, 2007), in which Judge Gettleman expressly rejected the very argument that the Lyons Defendants have attempted to foist upon this Court. In *Goss,* Judge Gettleman recognized the anomaly and prejudice that would result in unjustly delaying a plaintiff's right to sue until the application is approved or rejected, and held:

> It hardly seems fair, then, to refuse plaintiff the opportunity to sue for infringement until the Copyright Office takes some action when plaintiff will be able to sue after that determination, regardless of the outcome. ***For that reason, this court adopts the reasoning of the Fifth and Eighth Circuits and finds that plaintiff's registration is***

> *effective for purposes of initiating an infringement suit as of the day plaintiff filed its application with the Copyright Office.*

*Id.* (Emphasis added). The Court denied the defendant's motion to dismiss accordingly. The Lyon's Defendants do not even attempt to explain or reconcile the referenced authority. This failure is telling.

The gamesmanship must end. It is time for the Lyons Defendants, and their co-conspirators, to face the consequences of their clear infringement. This Court should deny the motion to dismiss, and schedule a hearing on the Motion for Preliminary Injunction or an expedited trail on the merits of the claim.

Respectfully submitted,

NOVA DESIGN BUILD, INC.

By: /s/ George J. Spathis
One of its Attorneys

George J. Spathis (No. 6204509)
S. Jared Raab (admission pending)
Rebecca Hanson (No. 6280296)
Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
321 N. Clark, Suite 800
Chicago, Illinois 60610
(312) 541-0151

**CERTIFICATE OF SERVICE**

     George J. Spathis, an attorney, certifies that service of the above and foregoing pleading was accomplished through the Electronic Notice for Registrants on the attached CM/ECF service list, as well as by U. S. Mail delivery upon the service list, as indicated, on or before the 12th day of February, 2008. Copies of documents required to be served by Fed. R. Civ. P. 5(a) have been served.

**CM/ECF Service List**

     The following is the list of attorneys who are currently on the list to receive e-mail notices for this case:

Warner Sabo, Esq.
wsabo@sabozahn.com

Shawn E. Goodman, Esq.
sgoodman@sabozahn.com

Daniel L. Kegan, Esq.
Daniel@keganlaw.com

**Mail Service List**

Robert Walz
11111 Hall Rd., Suite 110
Utica, MI 48317

Jeff Schmitz
1955 Hamlin Rd., # 103
Rochester Hills, MI 48309

Capital Construction LLC
1955 Hamlin Rd., # 103
Rochester Hills, MI 48309

          */s/ George J. Spathis*