UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOVA DESIGN BUILD, INC., and ANNEX BUILDERS LLC, ) ) ) Plaintiffs, ) v. ) ) GRACE HOTELS, LLC, MUKESH BHEDA ) LYONS DESIGN GROUP, INC., ADAM ) LYONS, ROBERT WALZ, CAPITAL ) CONSTRUCTION LLC, and JEFF SCHMITZ, ) ) Defendants. ) | Civil Action No. 07 C 6369<br><br>Hon. Samuel Der-Yeghiyan |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT AND TO SET EXPEDITED INITIAL STATUS HEARING**

Nova Design Build, Inc., ("Nova"), and Annex Builders LLC ("Annex"), by their attorneys and pursuant to Federal Rule Of Civil Procedure 15(a), respectfully moves for leave to file an Amended Complaint, and to set an expedited initial status hearing, and in support of its Motion, states as follows:

**BACKGROUND**

1.       By order of the Executive Committee dated March 12, 2008, this matter was transferred from Judge Grady to Your Honor.

2.       Nova commenced this action, in part, to enjoin Grace Hotels, LLC ("Grace") from its unauthorized and infringing use of Nova's copyrighted and architectural and engineering design drawings in connection with Grace's construction of a Holiday Inn Express hotel in Waukegan, Illinois.

3.       As set forth in greater detail in its Complaint, Grace took the drawings and designs prepared by Nova, and enlisted the assistance of certain other co-defendants, who copied the drawings, made minor revisions, and passed them off as their own.

{6308 MOT A0203525.DOC}

4. The copied drawings are the same or substantially similar in overall form, arrangement, layout, description and composition of spaces and elements of unique or creative design, as Nova's copyrighted drawing, including among other things, Nova's wall layout, wall bump-outs, column placement, shaft locations, elevator placement, pool placement, room numbers and names, suite configuration, location of specific specialized rooms and amenities, and the number and configuration of bays.

5. The substantial similarity of the drawings is conclusively evidenced by the fact that Grace mixed-and-matched the infringing and original drawings, submitting to the City of Waukegan the architectural and engineering drawings as copied and modified, together with Nova's original mechanical, electrical and plumbing designs. Nova was neither advised of nor consented to such use or copying of any of its designs or drawings.

## THE PENDING MOTIONS

6. On January 3, 2008 Nova moved for preliminary injunctive relief, and sought an evidentiary hearing as soon as practicable. In connection with its Motion for a Preliminary Injunction, and so as to adequately prepare for its requested evidentiary hearing, Nova also sought leave to serve narrowly tailored written discovery on all defendants, and requested that the Court order that the defendants produce all responsive documents on an expedited basis.

7. Defendants Lyons Design Group, Inc., and Adam Lyons, (the "Lyons Defendants") moved to dismiss Counts I, VI and VII of the Complaint, on the alleged grounds that the Court lacks subject matter jurisdiction and that the Lyons Defendants somehow enjoyed a "license" to copy Nova's design drawings. The jurisdictional challenge was premised on the Lyon's Group contention that the Court lacked jurisdiction under the Copyright Act until the Copyright Office actually ruled (granted or denied) the registration application.

8. Nova filed its response in opposition to the Motion even before the initial

presentation of the Motion on January 16, 2008. In open court, however, counsel for the Lyons defendants cited to additional authority which he contended was controlling. Accordingly, Judge Grady gave Nova an opportunity to file an amended Response which addressed counsel's new argument.

9. The Motion to Dismiss is fully briefed. On March 5, 2008, the undersigned advised the Court that Nova had received written notice that its application would be approved. Judge Grady deferred ruling on the Motion to Dismiss, and set a status hearing date of April 23, 2008.

## THE AMENDED COMPLAINT

10. In the interim, the US Copyright Office approved Nova's application, and granted a copyright (VA 1627430), with an effective date of September 28, 2007 (which precedes the filing of the original complaint). This moots the Lyons Defendants' jurisdictional challenge.[1]

11. Nova seeks leave to file the Amended Complaint submitted herewith (without exhibits) which simply adds the registration number and effective date, and corrects various minor typographical errors.

12. Under Federal Rule 15(a), leave to amend pleadings should be freely given. *See Foman v. Davis,* 83 S.Ct. 227, 230 (1962). A court should grant leave to amend unless the amendment would be futile or the opposing party would be unduly prejudiced by the amendment.

13. No Defendants would not be prejudiced by the amendments because it does not otherwise add any counts, claims or allegations, but rather merely eliminates any question relating to the Court's subject matter jurisdiction.

---

[1] In their Reply in support of the Motion, the Lyon's Defendant raised a new argument: that Nova cannot own the copyright, because Himanshu Modi (Nova's sole principle) submitted an application listing himself as the claimant, and is not the Plaintiff. Nova sought leave to file a sur-reply, explaining that the drawings were clearly "work for hire," prepared by Modi on behalf of Nova. Although the Motion for leave was denied, the error in the application is immaterial . In fact, the copyright was correctly issued to Nova (not Modi).

## THE NEED FOR AN EXPEDITED INITIAL STATUS HEARING

14. Grace's use of the drawings is in violation of 17 USC § 501, *et seq.*, and has caused or threatens to cause harm to Nova for which there is no adequate remedy at law. *See generally The Balsamo/Olson Group, Inc. v. Bradley Place Limited Partnership,* 966 F.Supp 757, 763-64 (C.D.Ill. 1996)(infringement of valid copyright establishes a rebuttable presumption of harm to plaintiff); *see also Joseph J. Legat Architects, P.C., v. U.S. Development Corp.,* 1991 WL 38714*8 (March 20, 1991, N.D.Ill.)(misdesignation of authorship of design drawings is remedied by injunctive rather than monetary relief).

15. This Court should deny the Motion to Dismiss, and put this case on a fast track (in its entirety or, at the very least, the copyright claims).  Discovery was served in January, so there would be no prejudice in ordering Defendants to respond immediately.

16. The necessary first step toward the resolution of the claims and affording Nova an opportunity to seek the meaningful injunctive relief to which it is entitled would be to order an expedited initial status hearing.

WHEREFORE, Nova respectfully requests that the Court grant the requested leave to file the attached Amended Complaint, order an expedited initial status hearing, and grant such additional relief as this Court deems appropriate.

        Respectfully submitted,

        **NOVA DESIGN BUILD, INC.**

        By:  /s/ George J. Spathis
            One of its Attorneys

George J. Spathis (No. 6204509)
S. Jared Raab (No. 6294632)
Rebecca Hanson (No. 6280296)
Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
321 N. Clark, Suite 800
Chicago, Illinois  60610
(312) 541-0151

-5-

## CERTIFICATE OF SERVICE

George J. Spathis, an attorney, certifies that service of the above and foregoing pleading was accomplished through the Electronic Notice for Registrants on the attached CM/ECF service list, as well as by U. S. Mail delivery upon the service list, as indicated, on or before the 7th day of April, 2008. Copies of documents required to be served by Fed. R. Civ. P. 5(a) have been served.

## CM/ECF Service List

The following is the list of attorneys who are currently on the list to receive e-mail notices for this case:

Warner Sabo, Esq.
wsabo@sabozahn.com

Shawn E. Goodman, Esq.
sgoodman@sabozahn.com

Daniel L. Kegan, Esq.
Daniel@keganlaw.com

## Mail Service List

| Jeff Schmitz | Capital Construction LLC |
| 1955 Hamlin Rd., # 103 | 1955 Hamlin Rd., # 103 |
| Rochester Hills, MI 48309 | Rochester Hills, MI 48309 |

*/s/ George J. Spathis*