UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOVA DESIGN BUILD, INC., and ANNEX BUILDERS LLC, )<br>                 Plaintiffs,  )<br>     v.  )<br>GRACE HOTELS, LLC, MUKESH BHEDA )<br>LYONS DESIGN GROUP, INC., ADAM )<br>LYONS, ROBERT WALZ, CAPITAL )<br>CONSTRUCTION LLC, and JEFF SCHMITZ, )<br>                    )<br>               Defendants.  ) | Civil Action No. 07 C 6369<br>Hon. Samuel Der-Yeghiyan |

## JOINT STATUS REPORT

Plaintiffs, Nova Design Build, Inc., ("Nova"), and Annex Builders LLC ("Annex"), and Defendants Grace Hotels, LLC ("Grace"), Mukesh Bheda ("Bheda"), Lyons Design Group, Inc., and Adam Lyons, (the "Lyons Defendants") Robert Walz ("Walz"), JS Capital Construction, Inc. ("Capital," named incorrectly in the caption) and Jeff Schmitz ("Schmitz"), having conferred per Fed.R.Civ.P. 26(f), jointly submit this Initial Status Report:

1. **Nature of the claims and counterclaims:** Plaintiffs commenced this action to enjoin Grace from its alleged unauthorized and infringing use of Nova's copyrighted architectural and engineering design drawings in connection with Grace's construction of a Holiday Inn Express hotel in Waukegan, Illinois. Plaintiff contends that Grace took Nova's copyrighted drawings and designs, and enlisted the Lyons Defendants and Walz to copy the drawings, make minor revisions, and pass them off as their own. Plaintiffs further alleged that Schmitz and Capital induced or encouraged the infringement as part of scheme to undercut the construction bid of Annex, Nova's affiliate, on the construction project. To date, no defendant has answered or filed any counterclaim.

2. **Relief sought by the Plaintiffs:** Plaintiffs seek preliminary and permanent injunctive relief precluding Grace and Capital from any further use of Nova's copyrighted designs and drawings. Plaintiffs also seek compensatory and punitive damages to be determined through

discovery and at trial, and disgorgement of fees received by parties who prepared infringing drawings.

3. **Names of parties not served:** All defendants have been served and have appeared. Judge Grady's January 30, 2008 order extended defendants' time to move, answer or otherwise plead until twenty (20) days after ruling on the Lyons Defendants' motion to dismiss.

4. **Principal legal issues:** Plaintiffs contend the principal legal issues are: 1) whether the Defendants conduct constitutes copyright infringement, vicarious infringement and/or contributory infringement; 2) whether Nova is entitled to permanent injunctive relief; 3) what copyright compensatory damages are available to Nova; and 4) whether Schmitz and Capital wrongfully interfered with Plaintiffs' prospective economic advantage by inducing the infringement.

Defendants contend the principal legal issues are: 1) subject matter jurisdiction; 2) invalidity of Plaintiff's copyright registration; 3) Defendants license to do what the Plaintiff alleges was done; 4) whether alleged misnomer of the name of the author of architectural technical drawings supports a claim for Illinois deceptive trade practices; 5) whether accord and satisfaction bars the breach of contract claims; 6) whether Defendants misappropriated anything from Defendants; 7) whether Plaintiffs suffer any irreparable harm; 8) whether Plaintiffs would be entitled to attorneys' fees under the Copyright Act or the March 2006 agreement even if liability were proved.

5. **Principal factual issues:** Plaintiffs contend the principal factual issues are: 1) whether defendants' drawings are substantially similar to Nova's copyrighted drawings; 2) whether defendants copied Nova's drawings without authority; and 3) whether the infringing drawings currently in use by Grace and Capital for the project meet the requirements of Illinois law, and the Manual for Code Enforcement Officials and Design Professionals.

Defendants contend that the principal factual issues are: 1) Plaintiff's and its agent's copyright applications and registrations; 2) the subject matter of the alleged copyright registration(s); 3) the extent of originality of Plaintiff's alleged copyrighted work; 4) the limited authorization Nova

had to make derivative drawings based on the proprietary drawings of InterContinental Hotels Group (Holiday Inn); 5) what Nova was paid and what the contract entitled Plaintiff's to be paid; 6) Plaintiffs' express disinterest in construction of the Holiday Inn Express project in Waukegan; and 7) whether Plaintiffs lack the financial resources for a preliminary injunction should construction of the ten million dollar project be impeded.

      **6.**    **Pending motions and brief summary of bases for motions:** The following Motions are pending (listed chronologically): 1) the "Lyons Defendants' Motion to Dismiss Counts I, VI and VII of the Complaint," filed on January 2, 2008, which contends there is no jurisdiction due to Plaintiff's failure to obtain a copyright registration before filing suit and that the Defendants enjoyed a license to do what the complaint alleges was wrongfully done; 2) Nova's "Motion to Expedite Scheduling Conference, Discovery and Evidentiary Hearing" filed on January 3, 2008, which seeks leave to obtain expedited discovery, alleged as necessary for Plaintiffs to obtain injunctive relief; 3) Nova's "Motion for a Preliminary Injunction," notice of which was filed on January 3, 2008, and which was "Amended" on April 8, 2008;[1] and 4) Plaintiff's "Motion for Leave to File an Amended Complaint," filed on April 7, 2008, which identifies by number Nova's copyright registration.

      Grace, and other Defendants, intend to move to dismiss under Fed.R.Civ.P. 12(b)(6), to have the Court hold invalid Plaintiff's copyright applications and registrations derived from InterContinental Hotels Group plans, and dismissing all counts. Grace's motion was deferred for determination of jurisdiction when Plaintiffs had not obtained a registration. Now Grace suggests for judicial efficiency the Court may wish to consider the 12(b)(6) motion concurrently with Lyons' jurisdictional motion.

---

[1]     The electronic docket reflects the filing of a Notice and Motion for Preliminary Injunction on January 3, 2008. The actual pleading linked in error to the referenced Motion, however, was a duplicate of the Motion to Expedite filed concurrently therewith. The correct Motion was mailed to all Defendants, except the Lyons Defendants who had appeared and were served electronically with the incorrect Motion. The Amended Motion filed April 8, 2008 is the Motion that was sent by mail.

7. **Description of discovery requested and exchanged**: As part of its January 3, 2008 Motion to Expedite Scheduling Conference and Discovery served upon or sent to all defendants, Plaintiffs attached as exhibits the following discovery: 1) document requests to all defendants; 2) a document subpoena to Intercontinental Hotel Group; 3) document subpoena to the City of Waukegan; 4) a notice of deposition to Walz; and 5) notices of the Rule 30(b)(6) depositions of Grace, Lyons Design Group, Inc. and Capital. The Lyons Defendants served written discovery March 14, 2008 on Plaintiffs. The Defendants deny that Plaintiffs have properly served discovery or that any discovery is owed to the Plaintiffs. Furthermore, there is no basis for any expedited discovery.

8. **Type of Discovery Needed:** Plaintiffs believe that the discovery that it has propounded is sufficient to proceed with respect to an evidentiary hearing on its Motion for Preliminary Injunction. Supplemental discovery and additional non-party discovery shall be necessary for the remaining claims.

The Lyons Defendants contend that there is no jurisdiction for discovery or otherwise. Failing that, discovery of the parties and both liability and damages expert discovery is needed, as well as of non-parties, not yet identified.

9. **Proposed disclosure/discovery dates:** Plaintiffs seek an expedited preliminary injunction hearing within forty-five days,[2] for which expedited discovery shall be necessary. Apart from that requested hearing, Plaintiffs propose the following: parties to serve their Rule 26(a) initial disclosures on or before May 7, 2008; parties to complete fact discovery by August 30, 2008; parties to complete expert discovery (if any) by September 15, 2008, with initial reports to be submitted by August 7, 2008 and rebuttal reports to be submitted by August 21, 2008; parties to file dispositive

---

[2] Alternatively, Plaintiffs are amenable to an expedited trial on the merits of all counts, based upon the following schedule: parties to serve their Rule 26(a) initial disclosures on or before May 1, 2008; parties to complete fact discovery by June 30, 2008; parties to complete expert discovery (if any) by July 30, 2008, with initial reports to be submitted by June 30, 2008 and rebuttal reports to be submitted by July 15, 2008; and parties to file final pretrial order by July 30, 2008.

motions on or before September 30, 2008; and parties to file final pretrial order by October 30, 2008.

Lyons contends there is no jurisdiction for discovery or otherwise; failing that, there is no basis for expedited discovery. Rule 26(a) disclosures could be made within thirty days of a ruling on Lyons' motion to dismiss or on or before May 29, 2008. Nine months, or until February 28, 2009, would be needed to complete fact discovery. Plaintiffs' expert disclosures could be done by February 28, 2009. Defendants' counter-experts could be disclosed by April 30, 2009. Oral expert discovery could be completed by June 30, 2009. Dispositive motions could be filed on or before June 30, 2009. The final pretrial order could be submitted by July 30, 2009. Grace suggests post-disclosure discovery be deferred to after a ruling on its 12(b)(6) motion to dismiss.

10. **Estimation of when the case will be ready for trial:** Plaintiffs believe that an expedited trial on the merits could commence in August, 2008. Alternatively per the schedule outlined above, trial could commence in November 2008. The Lyons Defendants believe that this case will not be ready for trial until August 2009. Furthermore, there is no reason to "fast-track" this case. Grace counsel is scheduled for a trial before the Western District of Washington early August 2009 and therefore requests setting pretrial order and trial dates be deferred to after the Court's decision on jurisdiction and 12(b)(6) motion to dismiss. If trial dates must now be set, Grace requests late September 2009.

11. **Probable length of trial:** Plaintiffs believe that probable length of trial would be five to seven days. The Lyons Defendants believe the probable length of trial would be seven to nine days given the number of parties and drawings involved.

12. **Whether any party has requested a jury trial:** Plaintiffs requested trial by jury.

13. **Whether there have been settlement discussions**: No.

14. **Whether the parties consent to proceed before a Magistrate Judge**: The Plaintiffs and Lyons Defendants consent to proceeding before a Magistrate Judge. Some or all of the remaining Defendants do not.

       Respectfully submitted,

       NOVA DESIGN BUILD, INC.

      By: /s/ George J. Spathis_____
       One of their Attorneys

George J. Spathis (No. 6204509)
*(lead trial attorney)*
S. Jared Raab (No. 6294632)
Rebecca Hanson (No. 6280296)
Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
321 N. Clark, Suite 800
Chicago, Illinois  60610
(312) 541-0151

       LYONS DESIGN GROUP, INC., and ADAM  LYONS

      By: /s/ Warner Sabo
Warner Sabo       One of their Attorneys
*(lead trial attorney)*
Shawn E. Goodman
Sabo & Zahn
401 N. Michigan Ave.
Suite 2050
Chicago, IL 60611
312-655-8620

       GRACE HOTELS, LLC, MUKESH BHEDA,
       ROBERT WALZ, JS CAPITAL CONSTRUCTION,
       INC., and JEFF SCHMITZ

      By: /s/ Daniel L. Kegan

Daniel L. Kegan
*(lead attorney)*
Kegan & Kegan, Ltd.
79 W Monroe St #1320
Chicago IL 60603-4969
(312) 782-6495