**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NOVA DESIGN BUILD, INC. and ANNEX BUILDERS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07 C 6369 |
| GRACE HOTELS, LLC, MUKESH BHEDA, LYONS DESIGN GROUP, INC., ADAM LYONS, ROBERT WALZ, CAPITAL CONSTRUCTION LLC and JEFF SCHMITZ, | ) | Judge Der-Yeghiayan |
| Defendants. | ) | |

**THE LYONS DEFENDANTS' BRIEF RELATING TO WHETHER AN AMENDMENT CAN CURE A JURISDICTIONAL ISSUE**

Defendants Lyons Design Group, Inc. and Adam Lyons ("Lyons Defendants"), by their attorneys, Sabo & Zahn, for their brief relating to whether amendment by the Plaintiffs can confer jurisdiction where none previously existed, state:

INTRODUCTION

This is a copyright case. The Complaint for Injunctive and Other Relief ("Complaint") was filed on November 9, 2007. The Lyons Defendants timely moved to dismiss. The Lyons Defendants' Motion to Dismiss Counts I, VI and VII of the Complaint for Injunctive and Other Relief ("Motion to Dismiss") established that jurisdiction was non-existent due to the Plaintiffs' failure to obtain a copyright certificate. The Motion to Dismiss also argued that the Defendants enjoyed a license, in keeping with IAE v. Shaver, 74 F.3d 768 (7th Cir. 1996), to do exactly what the Plaintiffs claim was wrongfully done, i.e., use the drawings in question in order to complete

the subject construction project.

Recently, the Plaintiffs moved for leave to amend their Complaint in order to identify the registration number of a copyright which they assert has been issued by the Copyright Office. Notably, no copy of the actual copyright certificate itself was attached as an exhibit to the proposed amended complaint.[1] According to the Plaintiffs, this amendment, if allowed, would moot "the Lyons Defendants' jurisdictional challenge." Plaintiffs' Motion for Leave to File Amended Complaint and to Set Expedited Initial Status Hearing filed on April 7, 2008, at p. 3, ¶ 10.

On April 29, 2008, the parties were ordered "to file supplemental briefs relating to if an amendment can cure a jurisdictional issue." As set forth below, the Plaintiffs are just flat-out wrong. No amendment will cure the lack of subject matter jurisdiction. This case is and always has been void *ab initio*.

ARGUMENT

Jurisdiction is jurisdiction is jurisdiction. This case was void on the day it was filed due to the lack of a copyright certificate. It is no less void today. It would be no less void if

[1] The lack of a certificate is no mere trifling matter. The application which was originally submitted to the Copyright Office identified neither Plaintiff as either author or copyright claimant. Instead, a non-party to this litigation was listed as the author and holder of the copyright. See the exhibit to Exhibit "A" to Plaintiffs' Amended Response in Opposition to the Lyons Defendants' Motion to Dismiss Counts I, VI and VII of the Complaint for Injunctive and Other Relief filed on January 30, 2008. Furthermore, and on information and belief, a subsequent application related to the same architectural work was submitted to the Copyright Office by Himanshu J. Modi, the signatory to the original application, which subsequent application apparently remains pending. This subsequent application has not been made available to the Defendants. It remains to be seen what Mr. Modi represented to the Copyright Office by way of the subsequent application and how said second application will impact the first or vice versa.

amendment were to be allowed. There just simply is no jurisdiction to hear this case.

17 USC §411(a) states: "[N]o action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."

It is true that there is a split in authority on this jurisdictional issue, with a handful of courts allowing a party to proceed with a copyright case where a proper application, including the required fee and deposit material, was filed prior to the initiation of the litigation, so long as the registration is subsequently obtained. However, the vast, vast, vast majority of courts side with the Defendants, holding that merely filing the application is insufficient - the Copyright Office must actually accept or reject the application as a condition precedent to filing suit. See DC Courts Get Technical, http://williampatry.blogspot.com/2007/04/dc-courts-get-technical.html (April 4, 2007, 08:22 EST) ("the overwhelmingly [sic] practice – in the realm of 98% – is to follow the statute and to require that the applicant have received either the actual certificate or a rejection.").[2] See also Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 156 (1st Circuit 2007) ("'[R]egistration of the copyright is a prerequisite to suit under the Copyright Act.' (citation omitted)). This requirement is often described as a jurisdictional one.") (quoting Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1160 (1st Cir. 1994)); In re Literary Works in Elec. Databases Copyright Litig., 509 F.3d 116, 124 (2nd Cir. 2007) (holding that each

---

[2] William Patry is senior copyright counsel to Google Inc. He was formerly copyright counsel to the U.S. House of Representatives, Committee on the Judiciary. He was also formerly a policy planning advisor to the Register of Copyrights and a law professor at Benjamin N. Cardozo School of Law. According to his copyright blog, he is the "author of numerous treatises and articles (including one on fair use with Judge Richard Posner), including the new 7 volume treatise on [sic] 'Patry on Copyright'."

claim within a certified class action must satisfy Section 411(a)'s registration requirement; also stating that "section 411(a) creates a statutory condition precedent to the suit itself"); and Watkins v. Southeastern Newspapers, 163 Fed. Appx. 823, 825, 2006 Copr. L. Dec. P 29, 120, 2006 WL 151795 * 2 (11th Cir. 2006) ("because the evidence . . . shows that Watkins failed to register the copyright . . . before bringing his copyright infringement claims, the district court did not have jurisdiction to consider Watkins's claims, and therefore did not err in granting Southeastern's renewed motion for summary judgment."). More importantly, the Seventh Circuit in particular would unequivocally reject the Plaintiffs' assertion that registration after the commencement of litigation is "good enough" to confer jurisdiction: "Registration is a condition to copyright-infringement litigation. . . . That's all there is to it. Registration is not complex (it is no harder that [sic] filing a lawsuit), and distractions must be overcome if authors want to litigate." New Section 411(a) case, http://williampatry.blogspot.com/2006/10/new-section-411a-case.html (Oct. 22, 2006, 21:05 EST) (quoting Brooks-Ngwenya v. Thompson, 202 Fed. Appx. 125, 127, 2006 Copr. L. Dec. P 29, 265, 2006 WL 2972691 * 1 (Oct. 17, 2006 7th Circuit)). "A rule in the form 'no action shall be instituted until . . .' means that the condition must be fulfilled *before the litigation begins. Satisfaction of the condition while the suit is pending does not avoid the need to start anew*." Id. (emphasis added).

Other circuits holding that copyright registration is a jurisdictional prerequisite: La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1200 (10th Cir. 2005) ("Section 411(a) is the jurisdictional linchpin to copyright infringement actions."); Xoom, Inc. v. Imageline, Inc., 323 F.3d 279, 283 (4th Cir. 2003) ("Copyright registration is a jurisdictional prerequisite to bringing an action for infringement under the Copyright Act."); Murray Hill

Publ'ns, Inc. v. ABC Commc'ns, Inc., 264 F.3d 622, 630 (6th Cir. 2001) ("[t]he registration requirement under section 411[a] is a jurisdictional prerequisite to the right of the holder to enforce the copyright in federal court").

The precise question posed here is whether the court can allow an amendment that cures a jurisdictional defect. In this case, the Plaintiffs seek to amend their Complaint to allege that the Copyright Office has accepted their application subsequent to the filing of suit. Their argument is that, if their motion is granted, jurisdiction will vest at the time of the amendment, even if there was no jurisdiction originally. The obvious answer is that this court cannot allow an amendment if it has no jurisdiction over this case. As stated above, the vast majority of appellate courts hold that there is no jurisdiction if, at the time the case is filed, the plaintiff has not obtained either registration or a rejection thereof. That is the case here. This cannot be cured by granting leave to amend simply because there is no jurisdiction to do so.

Subject-matter jurisdiction "depends upon the state of things at the time of the action brought . . . ." Mullan v. Torrance, 22 U.S. 537, 539, 9 Wheat. 537, 539, 6 L.Ed. 154, 1824 WL 2706 (1824) (diversity issue). Where a federal question is involved, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." Rockwell Intern. Corp. v. U.S., 549 U.S. ___, 127 S.Ct. 1397, 1409 (2007) (jurisdiction lacking). This does not mean, however, that jurisdiction was not required in the initial pleading. See Wellness Community-National v. Wellness House, 70 F.3d 46 (7th Cir. 1995) (discussing jurisdiction).

Here, Plaintiffs have not amended their complaint, as they have not yet received permission to do so. It is too late to do so as a matter of right. This court is rightfully addressing

jurisdiction before ruling on whether to grant leave to amend. Courts are required to take notice of jurisdictional faults at any time; and parties cannot waive jurisdictional defects. See id. at 51. See also Fed. R. Civ. P. 12 (h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

CONCLUSION

It is undisputed that no copyright application had been approved by the Copyright Office as of the day the Plaintiffs filed suit. That the Plaintiffs anticipate soon, finally receiving a copyright certificate is neither here nor there. Subject matter jurisdiction is absent. Amendment of the Complaint will not serve to confer jurisdiction. That truly is all there is to it.

Wherefore, Defendants Lyons Design Group, Inc. and Adam Lyons request that their Motion to Dismiss filed on January 2, 2008, be granted and all other pending motions be denied.

**SABO & ZAHN**

By: /s/ Werner Sabo

Werner Sabo (No. 3128735)
Shawn E. Goodman (No. 6216155)
Attorneys for Lyons Defendants
Sabo & Zahn
401 N. Michigan Avenue
Suite 2050
Chicago, IL 60611
(312) 655-8620 (phone)
(312) 655-8622 (fax)
wsabo@sabozahn.com
sgoodman@sabozahn.com

X:\Business\BUSINESS\Lyons\Grace Hotels\Motions\Brief2.wpd