UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOVA DESIGN BUILD, INC., and ANNEX BUILDERS LLC, ) ) ) Plaintiffs, ) ) v. ) ) GRACE HOTELS, LLC, MUKESH BHEDA ) LYONS DESIGN GROUP, INC., ADAM ) LYONS, ROBERT WALZ, CAPITAL ) CONSTRUCTION LLC, and JEFF SCHMITZ, ) ) Defendants. ) | Civil Action No. 07 C 6369 Hon. Samuel Der-Yeghiayan |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF ITS MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiffs Nova Design Build, Inc. ("Nova"), and Annex Builders LLC (collectively, "Plaintiffs"), by their attorneys, submits this supplemental memorandum in response to this Court's Order dated April 29, 2008, and in support of its Motion for Leave to File an Amended Complaint.

**BACKGROUND**

Nova commenced this Copyright action against Defendants Lyons Design Group, Inc., and Adam Lyons (the "Lyons Defendants"), among others, to obtain relief for their unauthorized and infringing use of Nova's copyrighted architectural and engineering design drawings. *Nova applied for a Copyright Registration in September 2007. It filed the captioned complaint a month and a half later, on November 9, 2007.*

The Lyons Defendants moved to dismiss on the alleged grounds that the Court lacks subject matter jurisdiction under the Copyright Act until the Copyright Office actually rules (grants or denies) the registration application. *While the Motion to Dismiss was pending, the Copyright Office issued a Copyright Certificate to Nova with an "Effective date of*

*Registration: September 28, 2007," which also precedes the filing of the Complaint.*  A copy of the Certificate is attached hereto.

Accordingly, Plaintiffs sought leave to amend their complaint on April 7, 2008 (Docket No. 40 ) seeking to add Nova's Copyright Registration number (VA 1627430), and the effective date (September 28, 2007) thereof.  The Lyon's Defendants objected to the Motion, seemingly contending that if this Court lacks jurisdiction, it cannot even grant leave to amend the complaint to cure the jurisdictional challenge.

By order dated April 29, 2008, the Court requested supplemental briefs to address whether "an amendment can cure a jurisdictional issue."  Indeed it can.  As set forth more fully below, even if the Court were to assume that it lacked subject matter jurisdiction over this action until the Copyright Certificate was actually issued to Nova, leave to file an Amended Complaint can and should be granted, and would indeed cure any jurisdictional defect.

## The Lyons Defendants' Jurisdictional Challenge Is Baseless

As a threshold matter, this Court need not accept the merits of the Lyons Defendants' jurisdictional challenge, which is premised upon the minority view that a litigant must wait until the overburdened Copyright Office does *something*--either grants or denies an application.  A majority of Courts have rejected this approach, and have held that jurisdiction exists upon the proper submission of an application.[1]  The Lyons Defendants' repeatedly aver that the Seventh

---

[1]     *See, e.g., Prunte v. Universal Music Group,* 484 F.Supp.2d 32, 40 (D.D.C. 2007)("the more common practice is for courts to allow suit to go forward as soon as the application has been completed and submitted to the Copyright Office); *Iconbazaar, L.L.C., v. America Online, Inc.,* 308 F.Supp.2d 630, 634 (M.D.N.C. 2004)("the overall statutory scheme governing institution of infringement actions supports the position that Congress intended for registration to be complete upon application."); *Foraste v. Brown Univ.,* 248 F.Supp.2d 71, 77 n. 10 (D.R.I. 2003)(to require an actual decision by the Copyright Office as a prerequisite to litigation "ignores the statute's mandate that the merits of the application materials are 'later determined,' that is, determined sometime after the right to sue comes into being"); *International Kitchen Exhaust Cleaning Ass'n v. Power washers of North America,* 81 F.Supp.2d 70,72 (D.C.Cir. 2000)("To best effectuate the interests of justice and promote judicial economy, the court endorses the position that a plaintiff may sue once the Copyright Office receives the plaintiff's

2

Circuit has adopted the minority view, as if through the sheer force of repetition, their contention might be deemed true. In fact, however, two District Courts within the Circuit have rejected that argument,[2] and have expressly adopted the majority position that a registration is effective and jurisdiction is conferred when the plaintiff submits its application to the Copyright Office.[3] The Motion to Dismiss should simply be denied.

### The Amended Complaint Moots Any Jurisdictional Challenge

Even assuming, for sake of argument, that the Court lacked jurisdiction until the Copyright Office actually issued the certificate, it certainly has jurisdiction at this point and can and should grant leave to file an Amend Complaint. The Lyon Defendants hyper-technical argument that the Court *cannot* permit such an amendment, or that the amendment *cannot* cure the problem is simply and unequivocally wrong.

---

application, work, and filing fee."); *Havens v. Time Warner, Inc.,* 896 F.Supp. 141, 142-43 (S.D.N.Y. 1995)(*quoting Apple Barrel Productions, Inc. v. Beard, supra).* The leading treatise on Copyright law, *Nimmer on Copyright,* has recognized this as the "better point of view, given that the claimant at that juncture has done all that it can do, and will ultimately be allowed to proceed regardless of how the Copyright Office treats the application." 2 NIMMER ON COPYRIGHT §7.16[B][1][a][i] (1999).

[2] In *Woollen, Molzan and Partners, Inc., v. Indianapolis-Marion County Public Library,* 2006 WL 2135819*2 (S.D. Ind. July 28, 2006) the Court noted that "[t]he Seventh Circuit has not yet addressed this issue directly…" and opined that the dicta actually suggests that the Seventh Circuit may also favor the majority "application" approach. And more recently, Judge Gettlemen reasoned that the Seventh Circuit's opinion in *Chicago Bd. of Education v. Substance, Inc.,* was factually inapposite, and thus did not squarely address the jurisdictional issue. *Goss International Americas, Inc., v. A-American Machine & Assembly Co.,* 2007 WL 4294744*2-3 (N.D.Ill. November 30, 2007). In *Goss,* a case squarely on point, the Plaintiff submitted its application to register its copyright in May 2007, and shortly thereafter, filed suit for infringement of the copyright. Judge Gettleman, after considering the reasoning of the various Circuits, held that *"plaintiff's registration is effective for purposes of initiating an infringement suit as of the day plaintiff filed its application with the Copyright Office."* Id. (Emphasis added).

[3] The Lyons Defendants' reliance on the Court's "nonprecedential" opinion in *Brooks-Ngwenya,* 2006 WL 2972691 (7th Cir. 2006) is wholly inapposite. Even a cursory reading makes it clear that the Plaintiff in that case never submitted an application, claiming "she was distracted." If anything, this case supports Plaintiffs' position, in that the Court in *Brooks* plainly equates "registration" with the submission of an application, rather than disposition by the Copyright Office. This would sound the death knell for Lyons' jurisdictional challenge.

3

In *Woollen, Molzan and Partners, Inc., v. Indianapolis-Marion County Public Library,* 2006 WL 2135819*2 (S.D. Ind. July 28, 2006) the Court rejected the same argument that the Lyons Defendants are attempting to foist upon this Court. The Plaintiff in that case filed a complaint for copyright infringement at the same time it submitted an application to the Copyright Office. The Defendant moved to dismiss for lack of jurisdiction. While the Motion was pending, the Copyright Office issued a certificate to Plaintiff. *Id.* at *3. The Court accordingly denied the motion to dismiss, holding that there was no longer any issue as to whether jurisdiction existed. Moreover, the Court eschewed the notion that its subject jurisdiction might somehow be defined solely by the initial complaint that was filed. Quite the contrary, the Court reasoned that that it may "look beyond a complaint's jurisdictional allegations and view 'whatever evidence has been submitted on the issue to determine whether jurisdiction exists.'" *Id.* at *3 (*quoting Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir. 1995)). Finally, the Court rejected the argument that Plaintiff should have to file a new complaint rather than amend its existing complaint. The Court succinctly ruled:

> Requiring [Plaintiff] to refile merely for sake of acquiring a new date stamp is contrary to the spirit of notice pleading. …There is no useful purpose in requiring [Plaintiff] to retrace its steps by filing yet another complaint in this particular cause of action. That would be a hypertechnicality. The time of the parties would be better spent resolving this case…
>
> [Plaintiff] has alleged a cause of action meeting the requirements of § 411(a) ***and this court acquired jurisdiction to hear its claims, at least from the date of the Copyright Office's registration and perhaps sooner.***

*Id.* (emphasis added).

Similarly, in *Positive Black talk Inc., v. Cash Money Records Inc.,* 394 F.3d 357, 365-66 (5th Cir. 2004) the Court rejected the argument that a complaint filed before the registration

4

application was submitted creates a jurisdictional defect that cannot be cured (or as the Lyon Defendants' suggest, is void *ab initio*). In the *Cash Money* case, the Defendant sought summary judgment on jurisdictional grounds, but the trial court denied the motion citing the fact that a certificate was issued after the case was filed (although the complaint was never amended thereafter). *Id.* at fn. 5. The Plaintiff ultimately prevailed on its copyright claim at trial, and the Defendant renewed the jurisdictional challenge on appeal. The Fifth Circuit affirmed the judgment, stating:

> We hold, ***along with other courts that have considered this matter,*** that the ultimate judgment is not rendered a nullity by the district court's refusal to dismiss [Plaintiff's] suit for want of jurisdiction. ***Rather we find that the jurisdictional defect was cured when the Copyright Office received [Plaintiff's] application, deposit and fee four days after [Plaintiff] filed suit.***

*Id.* at 365 (emphasis added).[4] Significantly, the Court also held that the fact that the complaint was never amended after the certificate was issued was immaterial, reasoning that "the "Supreme Court has held, albeit in a non-copyright case, that the failure to amend a complaint in the district court is no bar to finding a jurisdictional defect cured." *Id.* at 366 (citing *Mathews v. Diaz*, 426 U.S. 67, 73-76 (1976).

Finally, in *Chuck Blore & Don Richman, Inc., v. 20/20 Advertising Inc.,* 674 F.Supp. 671, 673 n. 1 (D.Minn. 1987) the court rejected a jurisdictional challenged based upon the Plaintiff's failure to register for a copyright prior to filing its infringement action. After registration, the Plaintiff filed an amended complaint. Rejecting Defendant's jurisdictional challenge raised in its summary judgment motion, the court held that "the amended complaint cured the fact the at the first action was filed prior to the registration … ." *Id.*

---

[4] The Court, in fact, cites to five additional cases "that have found that a plaintiff who files a copyright infringement lawsuit before registering with the Copyright Office may cure the §411 defect by subsequently amending or supplementing its complaint once it has registered the copyright." *Id.* at 365-66.

Frankly, it is not even a close question. Defendants have not cited a single case on point (and Plaintiff's research has not revealed any) that even remotely suggests that an amended complaint would not effectively cure any jurisdictional defect (assuming one exists). It is time for this litigation to move forward. The Motion to Dismiss should be denied and the Motion for Leave to File the Amended Complaint should be granted.

                Respectfully submitted,

                NOVA DESIGN BUILD, INC.

            By: /s/ George J. Spathis
                  One of its Attorneys

George J. Spathis (No. 6204509)
Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
321 N. Clark, Suite 800
Chicago, Illinois 60610
(312) 541-0151

**CERTIFICATE OF SERVICE**

George J. Spathis, an attorney, certifies that service of the above and foregoing pleading was accomplished through the Electronic Notice for Registrants on the attached CM/ECF service list, as well as by U. S. Mail delivery upon the service list, as indicated, on or before the 6th day of April, 2008. Copies of documents required to be served by Fed. R. Civ. P. 5(a) have been served.

**CM/ECF Service List**

The following is the list of attorneys who are currently on the list to receive e-mail notices for this case:

Warner Sabo, Esq.
wsabo@sabozahn.com

Shawn E. Goodman, Esq.
sgoodman@sabozahn.com

Daniel L. Kegan, Esq.
Daniel@keganlaw.com


_____*/s/ George J. Spathis*_____