IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOVA DESIGN BUILD, INC., and ANNEX BUILDERS LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 07 C 6369 ) |
| GRACE HOTELS, LLC, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Lyons Design Group, Inc.'s ("Lyons Design") and Defendant Adam Lyons' ("Lyons") (collectively referred to as "Lyons Defendants") motion to dismiss Counts I, VI, and VII. This matter is also before the court on Plaintiff Nova Design Build, Inc.'s ("Nova") and Plaintiff Annex Builders LLC's ("Annex") motion for leave to file an amended complaint. For the reasons stated below, we deny the motion for leave to file an amended complaint, and we dismiss the action without prejudice.

**BACKGROUND**

Plaintiffs allege that Nova is a company that provides architectural and engineering services. Annex is allegedly an affiliate of Nova that offers construction

services to Nova's clients. In March 2006, Defendant Grace Hotels, LLC ("Grace") allegedly contacted Nova and invited Nova to make a proposal concerning the design and construction of a Holiday Inn Express hotel ("Hotel") in Waukegan, Illinois ("Project"). Defendant Mukesh Bheda ("Bheda") is allegedly a member and manager of Grace. Plaintiffs claim that Grace provided Nova with a generic prototype of the design for the Project. Nova then allegedly submitted a proposal for the Project and Grace orally promised that Annex would be awarded the construction contract for the Project. After revisions of Nova's proposal, the parties allegedly entered into an agreement concerning Nova's services on the Project ("Agreement"). The Agreement also allegedly provided that Nova's designs and drawings would remain the property of Nova.

Plaintiffs allege that Grace requested additional work from Nova not contemplated in the Agreement and certain revisions in the Project design. Nova allegedly completed the necessary drawings and designs and in June 2006, they were submitted to the City of Waukegan ("City") to obtain the necessary permits. The drawings and designs allegedly all bore a statement indicating that they were the exclusive property of Nova.

According to Plaintiffs, after the submission, Grace removed Nova from the contact list of the City for matters concerning permits for the Project. The City allegedly requested revisions in the design of the Project and Nova was allegedly only able to respond to the requests after Grace forwarded the City's requests. In September 2006, Annex allegedly submitted a bid to build the Hotel. Grace

allegedly advised Nova that Grace would seek competitive bids and Grace refused to give Annex the opportunity to meet lower bids. Plaintiffs assert that, under the terms of the Agreement, the failure by the parties to reach an accord concerning a construction contract for the Project released Nova from any further design obligations. Nova allegedly requested payment at that juncture and Grace refused to pay Nova. Nova allegedly then indicated that it would not provide any further services to Grace and Grace allegedly threatened to withhold all payments owed to Nova if Nova did not agree to reduce the payment amount. Plaintiffs allege that Nova agreed to accept $18,000 of the $28,000 that Grace owed to Nova.

    In October 2006, the City allegedly issued a construction permit based upon Nova's designs and drawings. Defendant Capital Construction LLC ("Capital") then allegedly submitted a bid for the construction of the Hotel. Defendant Jeff Schmitz ("Schmitz") is allegedly a principal of Capital. According to Plaintiffs, Capital was able to provide the requisite drawings for the construction at a very low cost by misappropriating Nova's designs and drawings. Grace then allegedly removed Nova from the City's file as the architect of record and Grace solicited Lyons Design to modify Nova's architectural plans and drawings and submit them as the drawings of Lyons Design. Grace also allegedly hired Defendant Robert Walz ("Walz"), an engineer, to copy Nova's structural plans and drawings and submit them as his own. Walz then allegedly submitted the designs to the City in July 2007. Plaintiffs claim that Defendants all participated in the above scheme, which allowed Capital to under bid Annex for the construction contract, and Capital was subsequently awarded the

construction contract for the Hotel.

Plaintiffs brought the instant action and include in their complaint copyright infringement claims brought against Walz, Lyons Design, and Lyons under the Copyright Act, 17 U.S.C. § 101 *et seq.* (Count I), a claim seeking preliminary and permanent injunctions (Count II), a breach of contract claim brought against Grace based upon the obligations owed under the Agreement (Count III), a breach of contract claim brought against Grace based upon the obligations owed to Annex (Count IV), misappropriation claims brought against Grace, Walz, Lyons Design, and Capital (Count V), Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* claims brought against Grace, Lyons Design, and Walz (Count VI), and tortious interference with prospective economic advantage claims brought against Capital, Schmitz, Walz, Lyons, and Lyons Design (Count VII). Lyons Defendants moved to dismiss the claims brought against them in Counts I, VI, and VII. Plaintiffs subsequently filed a motion for leave to file an amended complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the

motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff").  However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946.  For the purpose of determining subject matter jurisdiction, this court "'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)).  The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

Lyons Defendants argue that Plaintiffs have failed to state a copyright infringement claim since Plaintiffs do not allege that they applied for or received a copyright registration.  Pursuant to 17 U.S.C. § 411(a) ("Section 411(a)"), "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made. . . ." 17 U.S.C. § 411(a).  Plaintiffs state in their motion for leave to file an amended complaint that

5

after Lyons Defendants filed their motion to dismiss, the United States Copyright Office ("Copyright Office") approved Nova's application and granted a copyright (VA 1627430) to Nova with an effective date of September 28, 2007. Plaintiffs argue that this new development renders Lyons Defendants' motion to dismiss moot.

Lyons Defendants argue that Plaintiffs cannot be allowed to cure a jurisdictional defect with an amendment in a complaint. Lyons Defendants argue that a court must have jurisdiction when the action is initiated. (D Supp. 5). Lyons Defendants argue that since this court lacks subject matter jurisdiction, the court must dismiss the instant action before conducting any further proceedings, including addressing Plaintiffs' motion for leave to file an amended complaint. According to Lyons Defendants, since Nova had not applied for a copyright or received approval from the Copyright Office when it filed the instant action, this court lacked jurisdiction when this case was initiated.

I.  Modi's Application

Lyons Defendants point out that Plaintiffs have not attached any documentation to the complaint indicating efforts by Plaintiffs to register their alleged copyright. Plaintiffs attached to their amended response to the motion to dismiss an affidavit of Himanshu J. Modi ("Modi"), signed on January 30, 2008, ("Modi Affidavit") and a copyright registration application ("Application") completed by Modi.  (A Ans. 3); (A Ans. Ex. A). The Modi Affidavit indicates that on September 16, 2007, Modi mailed the Application to the Library of Congress

Copyright Office to register the copyright for the architectural and design drawings for the Project.  (Modi Aff. Par. 2).  Lyons Defendants argue that Modi filled out the Application in his own name, not on behalf of Nova.  (A Ans. Ex. A 1).  Nova acknowledges that Modi failed to indicate on the Application that the copyright was part of a "work for hire."  Nova contends, however, that it is apparent that Modi, who is the sole shareholder and chief executive officer of Nova, (Mod. Aff. Par. 1), filed the application for the "work for hire" on behalf of Nova rather than himself.  Plaintiffs in fact point out that the Copyright Office also agreed, issuing the copyright to Nova rather than to Modi individually.  (Mot. Am. 3 n.1).  Thus, there is evidence that shows that an application was made for a copyright on September 16, 2007, and the Copyright Office approved the application after the suit had been filed.

II.  Registration of Copyright by Nova

Lyons Defendants argue that even though there is now evidence that indicates that Nova had applied for a copyright before initiating the instant action, a plaintiff is required to actually receive an approval of a copyright application before a court has jurisdiction over a related copyright action.  The cases cited below are instructive on the issues relating to copyright actions. *See Automation By Design, Inc. v. Raybestos Products Co.*, 463 F.3d 749, 753 n.1 (7th Cir. 2006)(stating that "[r]egistration is not a condition of copyright protection, but is necessary before an infringement suit may be filed in court"); *Gaiman v. McFarlane*, 360 F.3d 644, 645 (7th Cir. 2004)(stating that "an application to register must be filed, and either granted or refused, before

suit can be brought" for a copyright-based action); *Pickett v. Prince*, 207 F.3d 402, 404 (7th Cir. 2000)(stating that "registration not being a precondition to copyright protection, 17 U.S.C. § 408(a), though it is a precondition to a suit for copyright infringement").

Lyons Defendants are moving to dismiss the copyright infringement claim brought against them in the complaint due to lack of subject matter jurisdiction, and Plaintiffs have moved to amend the complaint to cure the alleged defects. We note that Section 411(a) has restrictive language that states "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made. . . ." 17 U.S.C. § 411(a). This language does not provide that after initiating an action, during the pendency of the lawsuit, the plaintiff can cure the defects by meeting the conditions in Section 411(a). We further note that there is no indication in this matter that a new suit properly filed under Section 411(a) would be barred by the statute of limitations. In addition, Plaintiffs have not indicated that there would be any significant hardship to them if, instead of amending the complaint, Plaintiffs re-filed the instant action to satisfy Section 411(a) requirements. Based on the above, we find that Plaintiffs, in filing the copyright infringement claims, did not satisfy a condition prior to filing litigation as required under Section 411(a). Therefore, we deny Plaintiffs' motion to amend.

In arriving at this conclusion, we are also mindful of the fact that if we were to grant the motion to amend, and proceeded with this case, and after a lengthy litigation the Seventh Circuit on appeal found that the lack of a registration by

Plaintiffs before the action was instituted was a jurictional defect that could not be overcome by an amendment, the entirety of the proceedings before this court would be negated, and such a result would not promote the efficient administration of justice.  Therefore, we deny Plaintiffs' motion for leave to file an amended complaint.  We grant Lyons Defendants' motion to dismiss Count I brought against Lyons Defendants.  Since our dismissal of Count I against Lyons Defendants applies equally to the copyright infringement claim brought against Walz in Count I, we dismiss that claim as well.  Since we dismissed Count I, we also dismiss Count II for injunctive relief relating to the alleged infringement brought against all Defendants.  The dismissals of Counts I and II are without prejudice.

III.  Remaining State Claims

Plaintiffs indicate in the complaint that this court has subject matter jurisdiction under 28 U.S.C. § 1331, based on the Copyright Act claim.  (Compl. Par. 11).  Plaintiffs indicate that this court has supplemental subject matter jurisdiction over the other state claims (Counts III-VII).  (Compl. Par. 11).  Plaintiffs do not indicate that there is diversity subject matter jurisdiction in this case.  In regard to the remaining state claims, the Seventh Circuit has stated that when a court dismisses a federal claim and the sole basis for invoking federal jurisdiction has become nonexistent, although there is no presumption that the state law claims should be dismissed, the court generally should not exercise supplemental jurisdiction over remaining state law claims.  *See Sanchez & Daniels v. Koresko*, 503 F.3d 610, 615

(7th Cir. 2007)(stating that "[a]fter a court has disposed of all the claims that gave it jurisdiction in the first instance, in assessing whether to retain jurisdiction over any remaining claims the court must choose the course that 'best serves the principles of economy, convenience, fairness and comity which underlie the pendent jurisdiction doctrine'")(quoting in part *Centres, Inc. v. Town of Brookfield,* 148 F.3d 699, 704 (7th Cir. 1998)); *Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003)(stating that if there is a dismissal of the original jurisdiction claim and only a supplemental jurisdiction claim remains, "the sole basis for invoking federal jurisdiction is nonexistent and the federal courts should not exercise supplemental jurisdiction over his remaining state law claims"); *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). In addition, under 28 U.S.C. § 1367(c)(3), a federal district court may dismiss a plaintiff's supplemental state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In exercising discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.,* 32 F.3d 273, 276 (7th Cir. 1994). Lyons Defendants, who are named only in Counts VI and VII relating to state claims, have moved to dismiss those state claims. In the instant action, after considering the above factors, we decline to exercise supplemental jurisdiction over any of the state claims. To the extent that Count II relates to the state claims, we

decline to exercise supplemental jurisdiction over Count II. Therefore, we deny Lyons Defendants' motion to dismiss the state claims in Counts VI and VII, and we also dismiss all state claims against all Defendants in Counts III-VII, without prejudice.

We further note that Lyons Defendants have requested in their motion to dismiss an award of attorneys' fees. However, such a request is improper in a motion to dismiss. If Lyons Defendants decide to file an appropriate motion relating to fees, the court will rule on such a motion after all parties have had the opportunity to brief the matter.

## CONCLUSION

Based on the foregoing analysis, we grant Lyons Defendants' motion to dismiss Count I, without prejudice. We also dismiss Counts I and II against all Defendants, without prejudice. We deny Plaintiffs' motion for leave to file an amended complaint. We deny Lyons Defendants' motion to dismiss Counts VI and VII. We also dismiss all the state claims in the instant action, in Counts III-VII against all Defendants, without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  May 15, 2008